651 A.2d 221

**Chester J. GRAY, Jr., Petitioner,**

v.

**Barbara HAFER, individually and as Auditor General of the Commonwealth of Pennsylvania, Barbara Christensen and Peggy Friedeman, Respondents.**

Commonwealth Court of Pennsylvania.

Argued Sept. 19, 1994.

Decided Nov. 30, 1994.

614

Richard W. Rogers, for petitioner.

Robert J. Schwartz, Deputy Chief Counsel, for respondents.

Before PELLEGRINI and KELLEY, JJ., and SILVESTRI, Senior Judge.

PELLEGRINI, Judge.

Before this court are preliminary objections filed by Barbara Hafer, individually and as Auditor General of the Commonwealth of Pennsylvania, Barbara Christianson and Peggy Friedeman (collectively, the Auditor General) in response to a complaint filed by Chester J. Gray, Jr. (Gray).

On March 21, 1994, Gray filed a petition for review with this court under our original jurisdiction. In his complaint, he states that he was employed by the Department of Auditor General in the office of Special Investigations as an Investigator from May of 1991 through September 22, 1993. In that capacity, he was responsible for investigating acts of fraud, misuse of public funds or illegal acts involving but not limited to commonwealth agencies or institutions receiving state funds, recipients of regular or special grants of state funds, and fiscal management practices of elected officials or public employees where facts were articulated that an investigation was warranted.

Gray specifies that he was assigned to investigate the Center for Research and Human Development in Education at Temple University (CRHDE) which was funded in part by

commonwealth sources. Pursuant to that investigation, he alleges he filed a good-faith written report with the Department of Auditor General in May of 1993 that identified and documented instances of wrongdoing and/or waste related by the CRHDE. Gray further alleges that prior to September 6, 1993, he was asked by R. Timm Vogelsberg (Vogelsberg), a Temple University employee that he had interviewed during his investigation, to have access to the report he filed and to participate in an administrative hearing as a witness. He states that he instructed Vogelsberg to direct his request for a filed report to the Auditor General, and that he could not serve as a witness unless he was subpoenaed or given permission to do so by the Auditor General. Subsequently, Vogelsberg made both requests to the Auditor General by letter dated September 6, 1993.

Gray continues to allege in his complaint that on September 22, 1993, the Auditor General, with the assistance of Peggy Friedeman, the Director of the Office of Special Investigations, and Barbara Christianson, the Director of Personnel of the Department of Auditor General, sought Gray's resignation under the threat of discharge from employment. Gray states that they presented a prepared letter of termination for him to sign and told him that he had to sign the letter or be terminated immediately; however, he was never given any explanation as to why he was being asked to resign. He further states that he signed the resignation letter under duress which allowed him to remain an employee until November 12, 1993, and receive income until that date.

Gray contends that he was forced to resign as a result of the report he filed regarding the activities of the CRHDE at Temple University, and that the adverse treatment imposed upon him was to prevent him from disclosing those activities. He avers that there was not any legitimate reason for his forced termination and that any reason now proffered is pretextual and an attempt to avoid the nexus between his report and his termination. He argues that his forced resignation constitutes a specific violation of the protection provided to him as an employee of a public body under the Whistle-

blower Law because it was a result of reporting "wrongdoing" for which he cannot be discharged.[1] Gray seeks reinstatement to his previous classification of employment, full reinstatement of back wages and benefits, costs of litigation, and damages in the amount of $30,000 from each of the defendants.

The Auditor General filed preliminary objections in the nature of a demurrer requesting that Gray's complaint be dismissed. She alleges that Gray's complaint fails to state a cause of action upon which relief can be granted because it does not raise any allegation of waste or wrongdoing as those terms are defined under the Whistleblower Law. Further, Gray's complaint fails to make any averment to support the allegation of an infringement of his First Amendment rights, and the Auditor General took no action expressly designed to restrict or effect Gray's speech. Finally, the Auditor General argues that Gray was an at-will employee who lacked any expectation of continued employment with the Department of the Auditor General or enjoyed any statutory protection, and failed to establish any deprivation of property rights or breach of implied or expressed contract in his resignation.[2]

Section 1423 of the Whistleblower Law provides:

No employer may *discharge*, threaten or otherwise discriminate or retaliate against an employee regarding the employee's compensation, terms, conditions, location or privileges of employment because the employee or a person acting on behalf of the employee makes a good faith report or is about to report, verbally or in writing, to the employer or appropriate authority an instance of *wrongdoing* or *waste*. (Emphasis added.)

1. Act of December 12, 1986, P.L. 1559, 43 P.S. §§ 1421–1428.

2. When ruling upon preliminary objections in the nature of a demurrer, all well-pleaded facts and reasonable inferences deduced therefrom are admitted as true for purposes of review. *Dintzis v. Hayden*, 146 Pa.Commonwealth Ct. 618, 606 A.2d 660 (1992). The question presented by the demurrer is whether on the facts averred, the law says with certainty that no recovery is possible. *Kyle v. McNamara & Criste*, 506 Pa. 631, 487 A.2d 814 (1985). Where a doubt exists as to whether a demurrer should be sustained, this doubt should be resolved in favor of overruling it. *Id.*

Under Section 1422, "waste" is defined as "an employer's conduct or omissions which result in substantial abuse, misuse, destruction or loss of funds or resources belonging to or derived from Commonwealth or political subdivision sources." Under that same section, "wrongdoing" is defined as "a violation which is not of a merely technical or minimal nature of a Federal or State statute or regulation, of a political subdivision ordinance or regulation or of a code of conduct or ethics designed to protect the interest of the public or the employer."

In her preliminary objections, the Auditor General contends that "wrongdoing" can only be attributed to the employer, not to an outside entity such as the CRHDE at Temple University, to fall within the Whistleblower Law. To fall under its protection, she contends Gray must allege a report of waste or wrongdoing related to state funds by the Auditor General, his employer, not the employees of Temple University. She contends that because his complaint does not allege that the Auditor General is guilty of waste or wrongdoing of state appropriated funds, Gray is not entitled to any protection afforded by the Whistleblower Law. Gray, for his part, argues that, unlike "waste", the definition of "wrongdoing" is ambiguous as to whether the violation must result from the employer's conduct, and that if he reports to his employer a violation by someone other than his employer and is subsequently fired by his employer, that he is covered under the Whistleblower Law.

 In determining whether "wrongdoing" is established by reporting violations not only of crimes of the employer but of third parties, we must look to the definition of "wrongdoing." Within the definition of "wrongdoing", there is a requirement that the violation of the law or regulation be one that is designed to protect the interest of the public or employer. While the definition uses the phrase "to protect the interest of the public", and that could be interpreted to apply to any statute or ordinance as used in the context of retaliation taken by an employer because of an employee's work performance, that requirement means that a statute or regulation is of the type that the employer is charged to

enforce for the good of the public or is one dealing with the internal administration of the governmental employer in question. To interpret otherwise would mean that when reporting any violation, e.g., that Temple University officials received parking tickets—a matter that neither Gray nor the Auditor General has anything to do with—that would fall within the definition of wrongdoing.[3]

■ In this case, if Gray contends that Temple University or its employees were engaged in activities unrelated to the Auditor General's statutory or regulatory duties, he would not have a cause of action under the Whistleblower Law. Conversely, if he contends that the Auditor General discharged him for making a report of a violation of the statute that she is charged to enforce for the benefit of the public, then a cause of action would be established. All that Gray alleged in his complaint is that he reported to the Auditor General that the CRHDE of Temple University committed certain criminal acts. From that information alone, he has not set forth with specificity a cause of action under the Whistleblower Law because he has not shown that the violation is of a statute that the Auditor General is charged to enforce.

■ Moreover, Gray alleges in his brief, not in his complaint, that he filed the report in May of 1993, and there was no response by the Auditor General until September of 1993 when one of the subjects of his investigation requested a copy of that report. Only then, does he argue that he was terminated. Essentially, his argument is that based on the timing of the request for a copy of the report and his termination, the Auditor General was guilty of violating the Whistleblower Law. However, if we were to adopt this minimal pleading requirement, every police officer or other employee involved in investigations who filed reports, founded or unfounded, that were not acted upon by their department heads, would automatically make out a prima facie case if they were terminated.

3. In further support of that interpretation, we note that we have been unable to find any cases under the Federal Whistleblower statute, 5 U.S.C. § 2302(b)(8), or our own that deal with anything but internal wrongdoing.

620

■ To make out a cause of action under the Whistleblower Law by one who, as part of his or her regular job duties, files reports of waste or wrongdoing based on wrongdoing outside the governmental entity that he is charged with seeking out, that person must make more than a general statement that a report was filed and, within a given amount of time, the employee was fired as a result. An employee who has been terminated based on a filed report and wants to base his or her complaint on their employer's violation under the Whistleblower Law must specify how their employer is guilty of waste and/or wrongdoing. They must also show by concrete facts or surrounding circumstances that the report led to their dismissal, such as that there was specific direction or information they received not to file the report or there would be adverse consequences because the report was filed.[4]

■ Because all that Gray has alleged in his complaint is that he filed a report indicating that the CRHDE at Temple University had violated the law and that the Auditor General is guilty of wrongdoing because he was terminated, those allegations are insufficient to establish a cause of action under the Whistleblower Law. However, this court has granted leave to amend a pleading when it lacks specificity but is potentially subject to correction by amendment. *Farmland Industries, Inc. v. Penn Dairies, Inc.*, 81 Pa.Commonwealth Ct. 340, 473 A.2d 730 (1984). Because Gray's complaint can be amended by a more specific pleading, we will grant him leave to amend his complaint so that we can determine if there is a cause of action against the Auditor General.[5]

4. While Gray also contends that the report was detrimental to the Auditor General because she had political supporters at Temple, that was never pled. Even if it was pled, again, because elected public officials have supporters everywhere or they would not be elected, such a generic statement is not, in itself, sufficient to maintain a Whistleblower action.

5. Because this case is here on preliminary objections and we are only determining whether there are sufficient facts pled in Gray's complaint to state a cause of action against the Auditor General, we do not require a copy of his report to make that determination.

Accordingly, the preliminary objections filed by the Auditor General are sustained and the petition for review filed by Gray is dismissed with leave granted to file an amended petition for review within 30 days.

## ORDER

AND NOW, this 30th day of November, 1994, the preliminary objections filed by Barbara Hafer, individually and as Auditor General of the Commonwealth of Pennsylvania, Barbara Christensen and Peggy Friedeman, are sustained. The petition for review filed by Chester J. Gray, Jr., is dismissed with leave granted to amend the petition within 30 days.

SILVESTRI, Senior Judge, concurring and dissenting.

I concur with the majority in the sustaining of the preliminary objections to the complaint of Chester J. Gray, Jr.

From a review of the entire record, particularly the allegations in the complaint, it is apparent that Chester J. Gray, Jr. would be unable to amend his complaint to state a cause of action consistent with the rationale of the majority opinion as to what is required to state a cause of action under the Whistleblower Act[1] (Act). Furthermore, since Chester J. Gray, Jr. clearly has not stated a cause of action in the original complaint, to allow him to amend, as the majority authorizes, would be extending the statute of limitations beyond the 180 days provided for under the Act.

Accordingly, for the above stated reasons, I dissent from the majority opinion granting leave to Chester J. Gray, Jr. to file an amended complaint.

1. Act of December 12, 1986, P.L. 1559, 43 Pa.C.S. §§ 1421–1428.