Sandra PODGURSKI, Appellant,

v.

The PENNSYLVANIA STATE UNIVERSITY, Graham Spanier, Ph.D. and David E. Stormer, Appellees.

Superior Court of Pennsylvania.

Argued Sept. 3, 1998.
Filed Dec. 22, 1998.

Joseph M. Devecka, State College, for appellant.

James M. Horne, State College, for appellees.

Before JOYCE and HESTER, JJ., and CIRILLO, President Judge Emeritus.

JOYCE, J.:

Appellant, Sandra Podgurski, appeals from the order of the trial court granting Appellees', the Pennsylvania State University (PSU), Graham Spanier, Ph.D. and David E. Stormer's, preliminary objection in the nature of a demurrer. For the reasons set forth below, we reverse. The relevant facts and procedural history of this case are as follows.

Appellant, a staff assistant in PSU's Department of Safety Services, filed the instant complaint on May 19, 1997. In her action, she alleged Appellees violated the Pennsylvania Whistleblower Law, 43 P.S. § 1421–§ 1427 by retaliating against her for reporting various incidents of "wrongdoing" by her co-workers.

Appellees filed preliminary objections to Appellant's complaint in the nature of a demurrer. The trial court granted the objections and dismissed Appellant's complaint with leave to amend within twenty (20) days. Appellant filed an amended complaint on August 27, 1997. In addition to her initial allegations, Appellant attached two (2) electronic messages to the amended complaint.

Appellees filed preliminary objections to the amended complaint. The trial court sustained these objections, dismissing Appellant's complaint without leave to amend. This timely appeal followed.

The sole issue raised on appeal is whether the trial court erred in granting Appellees' demurrer and dismissing Appellant's complaint without leave to amend.

A demurrer can only be sustained where the complaint is clearly insufficient to establish the pleader's right to relief. For the purpose of testing the legal sufficiency of the challenged pleading a preliminary objection in the nature of a demurrer admits as true all well-pleaded, material, relevant facts, and every inference fairly deducible from those facts.

*MacGregor v. Mediq, Inc., et al.,* 395 Pa.Super. 221, 576 A.2d 1123, 1125 (Pa.Super.1990). "Where a doubt exists as to whether a demurrer should be sustained, this doubt should be resolved in favor of overruling it." *Gray v. Hafer,* 168 Pa.Cmwlth. 613, 651 A.2d 221, 223 n. 2 (Pa.Cmwlth.1994). In the case at bar, doubt exists as to whether such a serious measure, i.e., dismissal of the complaint, should have been employed.

In her complaint Appellant alleges:

5. On or about November 21, 1996 Plaintiff Sandra Podgurski sent a letter to Defendant Graham Spanier, Ph.D. complaining about wrongdoings committed by fellow employees which she had reasonable cause to believe true.

6. A copy of the above November 21, 1996 Electronic Mail was produced and provided by Defendant Spanier, Ph.D. to Defendant Stormer, and is attached hereto marked Exhibit A and incorporated herein as if fully set forth.

7. Defendant Stormer met with Plaintiff and produced a memo which is marked Exhibit B attached hereto and incorporated herein as if fully set forth.

8. Defendant Stormer retaliated against Sandra Podgurski as follows:

a. Defendant Stormer angrily talked to Plaintiff Podgurski,

b. forced Plaintiff Podgurski to name the fellow employees that she accused of improprieties,

c. allowed named fellow employees to read Plaintiff Podgurski's alleged improprieties,

d. jimmied the lock on Plaintiff's desk on two occasions,

e. entered Plaintiff's computer on several occasions, and

f. moved Plaintiff to an area outside Defendant Stormer's office without computer components and access to files.

9. The above (paragraphs 8a–8f) have made it difficult, if not impossible, for Plaintiff Podgurski to do her job.

Amended Complaint, 8/27/97, at 2.

■ The November 21, 1996 electronic message, incorporated within the complaint, lists a myriad of complaints Appellant lodged against her fellow co-workers. Among these complaints are expenditures of unnecessary funds, dismissal of workers absent any reason, hiring of workers without proper qualification, false reporting of hours worked, and improper conduct by employees while at work, i.e., babysitting children, making personal long-distance phone calls and refusing to perform job functions. This conduct, if proven, falls well within the ambit of the statute defining wrongdoing, as these actions would relate to the employer's duty to enforce administrative policies protecting their interest.

■ Wrongdoing is defined under the Act as "[a] violation which is not of a merely technical or minimal nature of a Federal or State statute or regulation, of a political subdivision ordinance, or regulation or of a code of conduct or ethics designed to protect the interest of the public or the employer." *Riggio v. Burns*, 711 A.2d 497 (Pa.Super.1998) (*en banc*); 43 P.S. § 1422. As the Commonwealth Court suitably stated when faced with similar allegations:

> The plain intent of the Law is to protect from retaliation employees who make good-faith efforts to alert authorities to governmental waste and wrongdoing. Rodgers has made allegations tracking the language of the Law and providing some specifics in regard to what he observed and how he reported it. He has alleged the ultimate facts that he reported specific types of wrongdoing both orally and in writing and that he was chastised and otherwise adversely affected as a direct result of his actions.
>
> DOC asserts only that it is "unclear" whether some of the matters reported or some of the treatment Rodgers allegedly received as a consequence fall under the provisions of the Law. Further factual details are readily subject to discovery, and these legal issues may be decided in the course of litigation. This Court cannot conclude with certainty that the law permits no recovery under the allegations pleaded. Therefore, the preliminary objections of DOC are overruled.

*Rodgers v. Pa. Department of Corrections*, 659 A.2d 63, 66 (Pa.Cmwlth.1995). In *Rodgers*, the Commonwealth Court found that where an officer reported irregularities at the facility where he worked, including expenditure of unnecessary funds, dismissal of a worker for no apparent reason, requests to change or alter reports, and the use of inmates for personal reasons, following which his duties were reassigned, the complaint was sufficient to warrant overruling the demurrer.

Appellant made nearly identical allegations in her amended complaint. The alleged instances of wrongdoing coupled with the alleged retaliatory conduct cast doubt on whether a demurrer is proper. Further factual details are subject to discovery. Under

these circumstances, the trial court erred in granting the demurrer.

Order reversed. Remanded for further proceedings. Jurisdiction relinquished.

CIRILLO, President Judge Emeritus, filed Dissenting Opinion.

CIRILLO, President Judge Emeritus, dissenting:

Because I believe that Podgurski's amended complaint "fails to set forth with specificity the allegations of wrongdoing under the Whistleblower Law," I must respectfully dissent.

It is well established that when considering an appeal of a decision granting preliminary objections in the nature of a demurrer:

> A demurrer can only be sustained where the complaint is clearly insufficient to establish the pleader's right to relief. For the purpose of testing the legal sufficiency of the challenged pleading a preliminary objection in the nature of a demurrer admits as true all well-pleaded, material, relevant facts, and every inference fairly deducible from those facts.

*MacGregor v. Mediq, Inc., et al.*, 395 Pa.Super. 221, 576 A.2d 1123, 1125 (Pa.Super.1990). Moreover, the decision of whether or not to allow the amendment of a pleading is within the sound discretion of the trial judge; that decision will not be disturbed on appeal absent an abuse of discretion. *Connor v. Allegheny General Hosp.*, 501 Pa. 306, 461 A.2d 600 (1983). "Where the initial pleading reveals that the complaint's defects are so substantial that amendment is not likely to cure them, and that the *prima facie* elements of the claim or claims asserted will not be established, the right to amend is properly withheld." *Feingold v. Hill*, 360 Pa.Super. 539, 521 A.2d 33, 39 (Pa.Super.1987).

In the present case Podgurski was given two opportunities to file a complaint setting forth "with specificity" allegations of wrongdoing committed by her co-workers at PSU; to this end she has completely failed to allege facts sufficient to state a cause of action for "wrongdoing" under the Act. "Wrongdoing" is defined, under the Act, as "[a] violation which is not of a merely technical or minimal nature of a Federal or State statute or regulation, of a political subdivision ordinance or regulation or of a code of conduct or ethics designed to protect the interest of the public or the employer." *Riggio v. Burns*, 711 A.2d 497 (Pa.Super.1998) (*en banc*); 43 P.S. § 1422. *See Gray v. Hafer*, 168 Pa. Commw. 613, 651 A.2d 221, *affirmed*, 542 Pa. 607, 669 A.2d 335 (1995) (in order to fall within the definition of "wrongdoing" under the Whistleblower Law, a violation reported by a public employee must be a violation of a statute or regulation of the type that an employer is charged to enforce for the good of the public or one dealing with internal administration of the employer).

Podgurski cites no facts which would entitle her to relief under the Whistleblower Law; the vague information contained within the amended complaint fails to allege specific wrongdoing which would amount to a violation of a statute or regulation that PSU was charged to enforce. Contrary to the majority's conclusion that relies upon a non-binding Commonwealth Court case, I find that Podgurski's complaint amounts to nothing more than a self-portrayal of a dedicated and frustrated employee who is surrounded by lazy and incompetent co-workers. Because the amended complaint is clearly insufficient to establish the right to relief, I would sustain the demurrer. *MacGregor, supra.* Further amendment of Podgurski's amended complaint would not likely have cured the substantial defects in pleading. *Feingold, supra.*