## Rohner v. Atkinson

C.P. of Lackawanna County, No 9345 CV 2013

*Cletus P. Lyman*, for plaintiff.
*J. Freedley Hunsicker, Jr.*, for defendants.

ZULICK, *J.*, Aug. 14, 2014—Plaintiff Wayne Rohner filed a complaint seeking reinstatement and damages under the Pennsylvania Whistleblower Law, 43 P.S. §1423 (1991) and for termination of at-will employment in violation of public policy on February 28, 2014. Defendants Annette Atkinson, Michael J. Dwyer, Mitchell K. Marcus, supervisors of Middle Smithfield Township and the township itself have filed preliminary objections to the complaint.

Mr. Rohner alleges in his complaint that while serving as Middle Smithfield Township Zoning Officer, he refused a certificate of compliance during building construction as requested by the East Stroudsburg Area School District (ESASD). The supervisors then suspended him as zoning officer, replaced him and ultimately fired him. His complaint alleges causes of action under the Whistleblower Law, 43 P.S. §1423 (1991) and for termination of an at-will employment in violation of public policy.

Defendants filed preliminary objections to both counts of the complaint. Mr. Rohner filed an amended complaint and the defendants again filed preliminary

objections. Defendants challenge the whistleblower claim by contending that: (1) there was no good-faith report of wrongdoing, (2) any wrongdoing that did occur was minimal or technical in nature, and (3) Mr. Rohner cannot establish a causal connection between his alleged reports of wrongdoing and his termination. Finally, defendants object to Rohner's claim that he was terminated in violation of public policy. Both parties briefed their positions, and the matter was argued before the court on June 2, 2014.

## DISCUSSION

When considering preliminary objections, "all well-pleaded allegations, and material facts averred in the complaint, as well as all reasonable inferences deductible therefrom, must be accepted as true." *Wurth by Wurth v. City of Philadelphia*, 584 A.2d 403, 407 (Pa. Cmwlth. 1990). The "court need not accept as true conclusions of law, unwarranted inferences from facts, argumentative allegations, or expressions of opinion." *Penn Title Insurance Co. v. Deshler*, 661 A.2d 481, 483 (Pa. Cmwlth. 1995).

Defendant's objections are in the nature of a demurrer.

Preliminary objections in the nature of a demurrer test the legal sufficiency of the complaint. When considering preliminary objections, all material facts set forth in the challenged pleadings are admitted as true, as well as all inferences reasonably deducible therefrom. Preliminary objections which seek the dismissal of a cause of action should be sustained only in cases in which it is clear and free from doubt that the pleader will be unable to prove facts legally sufficient to establish the right to relief. If any doubt exists as to whether a demurrer should be sustained, it should be resolved in favor of overruling the preliminary objections.

*Albert v. Erie Ins. Exchange*, 65 A.3d 923, 927 (Pa. Super. 2013) (citations omitted).

The Whistleblower Law provides, in pertinent part:

(a) Persons not to be discharged.—No employer may discharge, threaten or otherwise discriminate or retaliate against an employee regarding the employee's compensation, terms, conditions, location or privileges of employment because the employee or a person acting on behalf of the employee makes a good faith report or is about to report, verbally or in writing, to the employer or appropriate authority an instance of wrongdoing or waste.

43 P.S. § 1423 (1991). "In order to make out a case of retaliatory termination, a plaintiff must plead: (1) wrongdoing and (2) a casual connection between the report of wrongdoing and adverse employment action." *McAndrew v. Bucks County Bd. of Com'rs*, 982 F.Supp.2d 491, 503 (E.D. Pa. 2013).

Defendants contend that actions taken by Mr. Rohner in his capacity as a zoning officer do not constitute a report of wrongdoing under the whistleblower statute. Specifically, they argue that Mr. Rohner's denial of a certificate of compliance to the ESASD as part of his ordinary job duties did not give him whistleblower protection. This question has not been addressed by Pennsylvania's appellate courts.

Federal courts have considered the question under federal law. The federal Whistleblower Protection Act (WPA) provided:

[A government official may not] take or fail to take, or threaten to take or fail to take, a personnel action with respect to any employee...because of...any disclosure of information by an employee or applicant which the

employee or applicant reasonably believes evidences a violation of any law, rule, or regulation, or gross mismanagement, a gross waste of funds, an abuse of authority, or a substantial and specific danger to public health or safety.

5 U.S.C. § 2302(b)(8) (1994). This language was similar to that found in the Pennsylvania Whistleblower Law.

The question of whether the federal Whistleblower Protection Act protected employees who disclosed information in the course of their regular duties was addressed in *Huffman v. Office of Personnel Management*, 263 F.3d 1341 (Fed. Cir. 2001). There, the court held that these employees were not protected by the act:

We find no clear evidence in the legislative history of the WPA, apart from the history of the 1994 amendment discussed below, that the WPA was designed to trigger protection for performance of normal duties. The WPA was established to protect employees who go above and beyond the call of duty and report infractions of law that are hidden."

*Id.* at 1353.

Congress later amended the WPA, enacting the Whistleblower Protection Enhancement Act in 2012. It provided, in part:

If a disclosure is made during the normal course of duties of an employee, the disclosure shall not be excluded from [5 U.S.C. § 2302(b)(8)] if any employee who has authority to take, direct others to take, recommend, or approve any personnel action with respect to the employee making the disclosure, took, failed to take, or threatened to take or fail to take a personnel action with respect to that employee in reprisal for the disclosure.

Pub. L. no. 112-199, 126 Stat. 1465, WPEA § 101. Following this amendment, persons making disclosures in the normal course of their duties were protected by the WPEA. Pennsylvania has not amended the Whistleblower Law to add these protections.

A New Jersey appellate court denied an employee's claim under the Conscientious Employee Protection Act (CEPA), N.J.S.A. 34:19-1 to -8, holding that an employee's report in line with regular job duties does not state a claim. In *Massarano v. New Jersey Transit*, 948 A.2d 653 (N.J. Super. A.D. 2008), a former security manager brought action against New Jersey Transit under CEPA. The court, in finding that summary judgment for defendants was proper, stated:

> Even if we were to find that the disposal of the documents violated public policy, plaintiff's reporting the disposal to Watson did not make her a whistle-blower under the statute. We agree with the trial court's analysis that plaintiff was merely doing her job as the security operations manager by reporting her findings and her opinion to Watson.

*Id.* at 663. *See also Gianfrancesco v. Laborers International Union of North America Local 594*, 2013 WL 2296759 (D.N.J. 2013) and cases cited in that opinion finding a "job duty exception" to the CEPA.

Here Mr. Rohner was acting within the scope of his responsibilities as the township zoning officer. He refused to grant a certificate of compliance to the school district because in his view the district had not fully complied with the township-approved plans of the project. This was not a report of wrongdoing or waste as contemplated by the Whistleblower Law. If it were, every denial of a certificate of completion by a zoning officer carrying out his or her

duties under the law would be a report of wrongdoing.

The Pennsylvania Municipalities Planning Code, 53 P.S. §10614, provides as, follows:

> § 10614. Appointment and powers of zoning officer

> For the administration of a zoning ordinance, a zoning officer, who shall not hold any elective office in the municipality, shall be appointed. The zoning officer shall meet qualifications established by the municipality and shall be able to demonstrate to the satisfaction of the municipality a working knowledge of municipal zoning. The zoning officer shall administer the zoning ordinance in accordance with its literal terms, and shall not have the power to permit any construction or any use or change of use which does not conform to the zoning ordinance. Zoning officers may be authorized to institute civil enforcement proceedings as a means of enforcement when acting within the scope of their employment.

53 P.S. § 10614.

The Pennsylvania Commonwealth Court has discussed the purpose of the Whistleblower Law:

> The plain intent of the law is to protect from retaliation employees who make good-faith efforts to alert authorities to governmental waste and wrongdoing. Rodgers has made allegations tracking the language of the law and providing some specifics in regard to what he observed and how he reported it. He has alleged the ultimate facts that he reported specific types of wrongdoing both orally and in writing and that he was chastised and otherwise adversely affected as a direct result of his actions.

*Podgurski v. Pennsylvania State University,* 722 A.2d 730, 732 (Pa. Super. 1998).

Mr. Rohner's denial of the certificate of compliance was not a report outside of that which was required of him in his everyday job description. This was not the reporting of wrongdoing or government waste that is actionable under the Whistleblower Law.

Since I determine that Mr. Rohner's actions as a zoning officer did not constitute a report of wrongdoing or government waste under the Whistleblower Law, I do not reach the defendants' arguments that the alleged wrongdoing was minor or technical in nature. However, if I had, this preliminary objection would not be granted at this early stage in the pleadings because there are disputed facts about the size of the approved pavilion and the shortcomings in the actual construction. Likewise, the defense argument that there is no causal connection shown between Mr. Rohner's actions on the ESASD plans and his firings involves facts which are not yet fully developed of record, and this preliminary objection would be denied.

The defendants also object to count two of Mr. Rohner's complaint, which seeks damages for termination contrary to public policy. Our supreme court has outlined the limits of a suit for wrongful termination of at-will employment on public policy grounds:

[A]s a general proposition, the presumption of all non-contractual employment relations is that it is *at-will* and that this presumption is an extremely strong one. An employee will be entitled to bring a cause of action for a termination of that relationship only in the most limited of circumstances where the termination implicates a clear mandate of public policy in this Commonwealth.

*McLaughlin v. Gastrointestinal Specialists, Inc.*, 750 A.2d 283, 287 (Pa. 2000).

Mr. Rohner is an at-will employee. The position of zoning officer is statutorily created. The statute does not mention a term of years. *See* 53 P.S. §10614. The Legislature, in making the zoning officer an employee at-will, must have foreseen circumstances in which the officer's employers, unhappy with his or her decision(s) in applying the zoning ordinance, might choose to terminate the zoning officer's employment. Nonetheless, the Commonwealth did not extend further protections to the zoning officer. If this court were to pronounce that public policy prevents supervisors from terminating a zoning officer whose decisions they disagree with, it would be building a moat around the zoning officer that the legislature has not established by law.

The Pennsylvania Superior Court recently denied a claim for wrongful termination under the public policy exception to at-will employment in *Mikhail v. Pennsylvania Organization for Women in Early Recovery*, 63 A.3d 313 (Pa. Super. 2013). There a therapist refused to include a sex offender in a group therapy session for victims of sexual abuse because to do so would violate her professional ethics. She was fired, and sued, contending that the employer's actions violated public policy. The court stated:

> In our judicial system, the power of the courts to declare pronouncements of public policy is sharply restricted. Rather, it is for the legislature to formulate the public policies of the Commonwealth. The right of a court to declare what is or is not in accord with public policy exists only when a given policy is so obviously for or against public health, safety, morals, or welfare that there is a virtual unanimity of opinion in regard to it.

Only in the clearest of cases may a court make public policy the basis of its decision.

*Id.* at 317-18.

The superior court upheld the trial court's dismissal of the complaint on preliminary objections.[1] The court held that where "the act to be performed turns upon a question of judgment, as to its legality or ethical nature, the employer should not be precluded from conducting its business where the professional's opinion is open to question." *Id.* at 321.

Here, the Legislature has given the supervisors the power to fire the zoning officer if they do not approve of the way the officer enforces the ordinance. Likewise, the electorate has the power to disagree with the supervisors' approach at the next election. It is not obvious that the Mr. Rohner's firing was contrary to the public policy of the Commonwealth. Accordingly, defendants' preliminary objection will be granted.

## ORDER

And now, this 14th day of August, 2014, following argument and upon consideration of the briefs of the parties, it is ordered that defendants' demurrer to Plaintiff's claims under the Whistleblower Law and the public policy exception to employment at will are granted and plaintiff's complaint is dismissed.

---

1. However, the court did so on grounds other than those relied upon by the trial court.