### ORDER

## Wayne ROHNER, Appellant

## v.

Annette ATKINSON, Michael J. Dwyer, Mitchell K. Marcus, and Middle Smithfield Township.

Commonwealth Court of Pennsylvania.

Argued May 5, 2015.

Decided June 10, 2015.

Cletus P. Lyman, Philadelphia, for appellant.

John F. Hunsicker, Jr., Radnor, for appellees.

BEFORE: ROBERT SIMPSON, Judge, and MARY HANNAH LEAVITT, Judge, and JAMES GARDNER COLINS, Senior Judge.

OPINION BY Judge MARY HANNAH LEAVITT.

Wayne Rohner appeals an order of the Monroe County Court of Common Pleas (trial court) dismissing his whistleblower complaint against Annette Atkinson, Michael Dwyer, Mitchell Marcus, and Middle Smithfield Township (Township). Rohner's complaint asserts that he was discharged from his job as the Township's Zoning Enforcement Officer because he issued negative reports on a construction project in the Township and refused to issue a certificate of compliance on the project upon its completion. The trial court held that Rohner's reports about the construction project were done in the regular course of his employment and, thus, were not the type of report of wrongdoing that is protected by the Pennsylvania

Whistleblower Law.[1] The trial court also concluded that because Rohner was an employee at will, he lacked alternate grounds to challenge his discharge.

At issue in this appeal is whether Rohner's amended complaint states a claim for wrongful discharge from his job as Zoning Enforcement Officer. The amended complaint alleges the following relevant facts.[2] Rohner served as the Township's Zoning Enforcement Officer from 2007 to 2013. One of his job duties was to inspect construction projects and issue reports to the Township. In 2007, the East Stroudsburg Area School District (School District) submitted a land development plan for a construction project, which was approved by the Township in 2007 or 2008. Amended Complaint ¶¶ 35–36. In 2008, the School District submitted a zoning permit application pursuant to its approved land development plan, which was also approved. *Id.* ¶¶ 37, 39. In 2012, Rohner made several written and oral reports to the Township that identified problems with the School District's construction project. *Id.* ¶ 40. Specifically, these reports pointed out leaks in the roof and deviations from the approved land development plan. *Id.* Copies of the reports were also given to the School District. On March 4, 2013, Rohner refused to issue a certificate of compliance for the project when it was requested by the School District. *Id.* ¶ 45. The School District appealed the denial to the Zoning Hearing Board, which scheduled a hearing for May 28, 2013. *Id.* ¶ 46.

On May 13, 2013, the Township suspended Rohner and, that same day, appointed James S. Kopchak as the Township's "Alternative Zoning Officer." Amended Complaint ¶¶ 47–48. Kopchak, an employee of Building Inspection Underwriters of Pennsylvania, Inc., then issued a report opining that the School District's building project complied with its approved land development plan and that the certificate of compliance should be issued. *Id.* ¶ 51. On May 23, 2013, the Township fired Rohner and cancelled the hearing scheduled for May 28, 2013. *Id.* ¶¶ 52–53. On June 7, 2013, Kopchak issued the School District a certificate of compliance. *Id.* ¶ 54.

Rohner challenged his discharge by filing the above-captioned action. Count I of the amended complaint asserts that Rohner reported, in good faith, "wrongdoing" because the School District's project was deficient and did not comply with its approved land development plan. The Whistleblower Law prohibits the discharge of an employee for making a report of "wrongdoing or waste." Count II of the amended complaint asserts that Rohner's discharge violated the public policy exception to at-will employment. That public policy was expressed in the Pennsylvania Municipalities Planning Code[3] (MPC) and the Township's Zoning Code. If a zoning enforcement officer makes a mistake, it can be corrected in a hearing before the Zoning Hearing Board. Discharging Rohner so that a replacement could do what Rohner declined to do "circumvented the MPC and the Township Land Development and Zoning Codes." Amended Complaint ¶ 77.

The Township filed lengthy preliminary objections that offered a series of arguments in support of its demurrer to Rohner's action. The Township contended

---

1. Act of December 12, 1986, P.L. 1559, *as amended,* 43 P.S. §§ 1421–1428.

2. Rohner filed his first complaint on February 28, 2014. The Township filed preliminary objections in the nature of a demurrer, and Rohner responded with an amended complaint.

3. Act of July 31, 1968, P.L. 805, *as amended,* 53 P.S. §§ 10101–11202.

that: (1) Rohner's report was not a report of wrongdoing within the meaning of the Whistleblower Law; (2) any wrongdoing he reported was minimal or technical in nature; (3) his reports did not cause his discharge; and (4) there is no public policy exception to the at-will employment of zoning officers.

On August 14, 2014, the trial court dismissed the complaint. In its opinion, the trial court stated that Rohner's refusal to grant the certificate of compliance

> was not a report of wrongdoing or waste as contemplated by the Whistleblower Law. If it were, every denial of a certificate of completion by a zoning officer carrying out his or her duties under the law would be a report of wrongdoing.

Trial ct. op. at 5. The trial court also held that Rohner was not entitled to whistleblower protection because the report was not made against his employer but was, simply, a job duty. Moreover, the trial court noted

> [i]f this court were to pronounce that public policy prevents supervisors from terminating a zoning officer whose decisions they disagree with, it would be building a moat around the zoning officer that the Legislature has not established by law.

*Id.* at 7. The trial court did not address the Township's preliminary objections that required evidence to resolve. Specifically, it concluded that (1) whether the wrongdoing reported by Rohner was minor or technical in nature and (2) whether there was a causal connection between Rohner's reports of zoning violations and his discharge

required evidence. Accordingly, those issues could not be decided at the preliminary objection phase of the litigation.

In his appeal,[4] Rohner contends that the trial court erred. He contends that his reports exposed wrongdoing even if their issuance was an expected job duty. In the alternative, Rohner argues that the amended complaint states a cause of action because the MPC and zoning ordinances establish a public policy that protects zoning officers from being discharged for reporting land use violations.

■ In his first argument, Rohner asserts that the amended complaint states a claim under the Whistleblower Law. Rohner contends that the statute is broad in scope and protects employees who report any wrongdoing, whether or not it is a job duty. The Township responds that only reports that expose the wrongdoing of the employer are protected under the Whistleblower Law.

■ We begin with a review of the relevant statute. Section 3(a) of the Whistleblower Law states as follows:

> No employer may discharge, threaten or otherwise discriminate or retaliate against an employee regarding the employee's compensation, terms, conditions, location or privileges of employment because the employee or a person acting on behalf of the employee makes a good faith report or is about to report, verbally or in writing, to the employer or appropriate authority an *instance of wrongdoing or waste by a public body* or an instance of waste by any other employer as defined in this act.

4. When reviewing an order granting preliminary objections in the nature of a demurrer, our standard of review is *de novo* and scope of review is plenary. *Balletta v. Spadoni,* 47 A.3d 183, 188 n. 2 (Pa.Cmwlth.2012). We will sustain the objections when, based on the facts pled, it is clear that the plaintiff will be unable to prove facts legally sufficient to establish a right to relief. *Id.* We must accept as true all well-pled, material, and relevant facts alleged in the complaint and every inference that may be fairly deduced from those facts. *Id.*

43 P.S. § 1423(a) (emphasis added). "Wrongdoing" is defined by Section 2 of the Whistleblower Law as:

> A violation which is not of a merely technical or minimal nature of a Federal or State statute or regulation, of a political subdivision ordinance or regulation or of a code of conduct or ethics designed to protect the interest of the public or the employer.

43 P.S. § 1422 (emphasis added). In order to make out a case for retaliatory termination, a plaintiff must plead: (1) that he reported wrongdoing and (2) that the report of wrongdoing resulted in an adverse employment action. *Golaschevsky v. Department of Environmental Protection*, 554 Pa. 157, 720 A.2d 757, 759 (1998).

Precedent on the question of what constitutes a report of wrongdoing is also relevant. *Gray v. Hafer*, 168 Pa.Cmwlth. 613, 651 A.2d 221 (1994), involved a dismissal of a special investigator who worked for the Office of Auditor General. Gray was responsible for investigating acts of fraud, misuse of public funds, or illegal acts involving, but not limited to, Commonwealth agencies or institutions. His employer assigned him to audit the Center for Research and Human Development in Education at Temple University, which was partially funded by Commonwealth funds. Gray did so and submitted a report identifying instances of wrongdoing and waste. Some months later a Temple University employee asked Gray for a copy of the report and to serve as a witness in an administrative proceeding. Gray instructed the employee to direct his requests to Gray's employer. Approximately two weeks later, the Director of Special Investigations and the Director of Personnel called Gray to a meeting and gave him a letter of resignation to sign, effective November 12, 1993. His alternative was to be discharged immediately, *i.e.*, September 22, 1993.

Gray filed a complaint seeking reinstatement, back wages and damages. He asserted that he was forced to quit because of the report he filed about wrongdoing at Temple University. The Auditor General filed a demurrer, asserting, *inter alia*, that Gray did not report waste or wrongdoing as those terms are used in the Whistleblower Law. Specifically, she argued that "wrongdoing" refers to conduct attributed to the employer, not to a third party. Because Gray did not allege wrongdoing by the Auditor General, his complaint failed to state a claim.

This Court examined the meaning of "wrongdoing" and held that an employee could not claim whistleblower protection for reporting any wrongdoing by a third party, such as parking tickets issued to Temple University employees. *Gray*, 651 A.2d at 224. This is because the Auditor General is not charged with the responsibility to enforce parking laws. On the other hand, the result is different with respect to those laws that are the responsibility of the Auditor General to enforce. We stated:

> In this case, if Gray contends that Temple University or its employees were engaged in activities unrelated to the Auditor General's statutory or regulatory duties, he would not have a cause of action under the Whistleblower Law. Conversely, if he contends that the *Auditor General discharged him for making a report of a violation of the statute that she is charged to enforce for the benefit of the public, then a cause of action would be established.*

*Id.* (emphasis added). Concluding that Gray's complaint lacked sufficient specificity on whether his discharge was related to his report of wrongdoing by Temple, we

granted Gray leave to amend his complaint.

In *Golaschevsky*, 720 A.2d 757, an employee of the Department of Environmental Protection (DEP) reported that some of his co-workers in the District Mining Office were violating federal copyright law. His supervisor encouraged him to make a detailed report about these violations, which Golaschevsky did. Three weeks later, Golaschevsky received a negative interim performance evaluation. The next week his supervisors gave him a list of projects to complete in the next 90 days. Four months later, Golaschevsky received an unsatisfactory performance evaluation for not completing the assignments on time. DEP then terminated his employment.

Golaschevsky filed a whistleblower complaint, alleging that he was discharged in retaliation for reporting the copyright violations of his co-workers. After discovery, DEP filed for summary judgment, which was granted by this Court. The Supreme Court granted *allocatur*.

The Supreme Court first considered whether the conduct reported by Golaschevsky fell within the definition of "wrongdoing" in the Whistleblower Law. The Court noted that *"Gray's* limitation of the definition of 'wrongdoing' plainly does not apply where, as here, the employee alleges that there has been illegal activity within his own agency." *Golaschevsky*, 720 A.2d at 759. As established in *Gray*,

651 A.2d at 224, where the reported wrongdoing is not that of the employing agency, but of a third party, the wrongdoing must involve a statute enforced by the employing agency. In Golaschevsky's case, there was no question that DEP did not enforce copyright laws. However, because the report concerned the employer's wrongdoing, then a violation of any statute or ordinance, except one of a technical or minimal nature, qualified for whistleblower protection.

The Supreme Court next considered whether Golaschevsky's evidence satisfied the causal connection requirement set forth in the Whistleblower Law. The evidence showed Golaschevsky was terminated because of his inability to complete assignments in a timely manner. On that basis, the Supreme Court affirmed the grant of summary judgment.

Here, the trial court relied upon *Huffman v. Office of Personnel Management*, 263 F.3d 1341 (Fed.Cir.2001), *superseded by statute*, Whistleblower Protection Enhancement Act of 2012, Pub.L. No. 112–199, 126 Stat. 1465. In *Huffman*, an employee of the U.S. Office of Inspector General filed a complaint alleging that he had been discharged for making disclosures protected by the federal Whistleblower Protection Act.[5] He reported improper hiring and promotion decisions as well as waste of government funds; these reports were made to his superior as part of his employment. The Court of Appeals held

---

**5.** Whistleblower Protection Act of 1989, Pub.L. No. 10–12, 103 Stat. 16 (codified in scattered sections of 5 U.S.C.). Section 2302(b)(8)(A) states:

[A government official may not] take or fail to take, or threaten to take or fail to take, a personnel action with respect to any employee ... because of *any* disclosure of information by an employee or applicant which the employee or applicant reasonably believes evidences

(i) a violation of any law, rule, or regulation, or

(ii) gross mismanagement, a gross waste of funds, an abuse of authority, or a substantial and specific danger to public health or safety[.]

5 U.S.C. § 2302(b)(8)(A) (1994) (emphasis added).

that the employee could not claim whistleblower protection for reports of a "violation of any law, rule, or regulation" that were required by his job. 5 U.S.C. § 2302(b)(8)(A)(i). The Court noted that the purpose of whistleblower statutes is to protect employees who risk their own job security by "going above and beyond the call of duty" by reporting infractions of law that are hidden. *Huffman*, 263 F.3d at 1353.

In 2012, Congress amended the federal law to provide that all reports of wrongdoing, whether or not made in the course of employment, were protected. Effectively, this amendment overruled *Huffman*. *Huffman* interpreted the federal statute, which is similar to the Pennsylvania Whistleblower Law.[6] *Cf.* 43 P.S. §§ 1423(a), and 5 U.S.C. § 2302(b)(8)(A) (1994). The trial court relied upon *Huffman*, noting that the General Assembly has not enacted a comparable amendment to the Whistleblower Law.[7]

However, the trial court did not consider this Court's holding in *Gray*, 651 A.2d 221. Rohner explains that he reported wrongdoing, *i.e.*, the School District's violations of the zoning ordinance. Under *Gray*, Rohner contends that he made reports of wrongdoing within the meaning of the Whistleblower Law because the Township enforces the zoning ordinance. We agree. *Huffman* cannot be reconciled with this Court's holding in *Gray*, which is binding.

Rohner was required as the Township's zoning enforcement officer to administer the zoning ordinance, grant or deny zoning permits, and issue or deny certificates of compliance. The trial court erred in holding that his denial of the certificate of compliance to the School District was not a report of wrongdoing or waste within the meaning of the Whistleblower Law. Rohner's report related specifically to the mission of his employer, *i.e.*, enforcement of the zoning laws. *Gray*, 651 A.2d at 224. Accordingly, his complaint stated a claim.

■ Rohner also contends that his discharge violated the public policy exception to at-will employment. He contends that the MPC and the Township's ordinances express the public policy that an unpopular, politically incorrect or even erroneous decision of a zoning officer may be corrected only by hearing. It is against that public policy for a municipality to fire a zoning officer for his honest work.

Pennsylvania is an at-will employment state. *McLaughlin v. Gastrointestinal Specialists, Inc.*, 561 Pa. 307, 750 A.2d 283, 286 (2000). Courts may declare what is or is not in accord with public policy in the rare case when "a given policy is so obviously for or against the public health, safety, morals or welfare that there is a virtual unanimity of opinion in regard to it." *Mamlin v. Genoe (City of Philadelphia Police Beneficiary Association)*, 340 Pa. 320, 17 A.2d 407, 409 (1941). "Only in the clearest of cases may a court make

---

**6.** Rohner points out members of Congress stated that *Huffman* was incorrectly decided. However, as was noted in *O'Gilvie v. United States*, 519 U.S. 79, 90, 117 S.Ct. 452, 136 L.Ed.2d 454 (1996), the "view of a later Congress cannot control the interpretation of an earlier enacted statute."

**7.** The trial court also cited *Massarano v. New Jersey Transit*, 400 N.J.Super. 474, 948 A.2d 653 (App.Div.2008), in support of its argu-

ment that there is no whistleblower protection for employees acting within the scope of their employment. Rohner counters that *Massarano* has been called into question by *Lippman v. Ethicon, Inc.*, 432 N.J.Super. 378, 75 A.3d 432 (App.Div.2013), which has been appealed and is pending before the New Jersey Supreme Court. The cases from other jurisdictions are interesting but not dispositive, as is *Gray*.

public policy the basis of its decision." *Weaver v. Harpster*, 601 Pa. 488, 975 A.2d 555, 563 (2009). When "the act to be performed turns upon a question of judgment, as to its legality or ethical nature, the employer should not be precluded from conducting its business where the professional's opinion is open to question." *Mikhail v. Pennsylvania Organization for Women in Early Recovery*, 63 A.3d 313, 321 (Pa.Super.2013) (emphasis omitted) (quoting *McGonagle v. Union Fidelity Corporation*, 383 Pa.Super. 223, 556 A.2d 878, 885 (1989)).

There is no dispute that Rohner was an at-will employee. The position of zoning officer is statutorily created and does not mention a term of years. Section 614 of the MPC, 53 P.S. § 10614. We must decide whether it is clear a public policy has been established to protect zoning officers who make unpopular decisions. The trial court held that there was no such policy. It explained that

> [t]he Legislature, in making the zoning officer an employee at-will, must have foreseen circumstances in which the officer's employers, unhappy with his or her decision(s) in applying the zoning ordinance, might choose to terminate the zoning officer's employment. Nonetheless, the Commonwealth did not extend further protections to the zoning officer.
>
> \* \* \*
>
> Here, the Legislature has given the [Township] supervisors the power to fire the zoning officer if they do not approve of the way the officer enforces the [zon-

ing] ordinance. Likewise, the electorate has the power to disagree with the supervisors' approach at the next election. It is not obvious that [Rohner's] firing was contrary to the public policy of the Commonwealth.

Trial ct. op. at 7–8. We agree. It is not obvious that there is a clear public policy that protects zoning officers from being fired because they do their job with too much zeal for their employer's taste.

In conclusion, we hold that Rohner has stated a valid claim under the Whistleblower Law, but not under the public policy exception to at-will employment. Consequently, we affirm the trial court's decision in part, reverse in part, and remand for further proceedings consistent with the above opinion.

### *ORDER*

AND NOW, this 10th day of June, 2015, the order of the Monroe County Court of Common Pleas dated August 14, 2014, in the above-captioned matter is hereby AFFIRMED in part and REVERSED in part, and the matter is REMANDED to the trial court with instructions that the Township is to file an answer within twenty days from the date of this order in accordance with Pa. R.C.P. No. 1026.

Jurisdiction relinquished.