J-S05018-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| SHELLY AUMAN, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellant | |
| v. | |
| FAMILY PLANNING PLUS, | |
| Appellee | No. 582 MDA 2015 |

Appeal from the Order Entered March 3, 2015
In the Court of Common Pleas of Union County
Civil Division at No(s): 13-0144

BEFORE:  BENDER, P.J.E., SHOGAN, and PLATT,[*] JJ.

MEMORANDUM BY SHOGAN, J.:                    **FILED FEBRUARY 22, 2016**

Appellant, Shelly Auman, appeals from the order granting Appellee, Family Planning Plus ("FPP"), a nonprofit corporation providing reproductive health services, summary judgment on March 3, 2015.  We affirm.

Appellant filed a complaint on March 15, 2013, raising a claim under the Pennsylvania Whistleblower Law[1] ("the Law"), in count one and alleging wrongful discharge in count two.  Complaint, 3/15/13, at 6–7.  Appellant worked at FPP from December 2007 until January 29, 2013.  *Id*. at 3, ¶ 11. In support of her claim under the Law in her complaint, Appellant asserted

_____

[*]  Retired Senior Judge assigned to the Superior Court.

[1] Act of December 12, 1986, P.L. 1559, as amended, 43 P.S. §§ 1421–1428.

that prior to her discharge, she "made a good faith report of waste and/or fraud committed by [FPP] and was discharged in reprisal for that report." *Id*. at 6, ¶ 45.

The Whistleblower Law provides a civil cause of action to employees for violations of its provisions. "It is chiefly a remedial measure" whose purpose is to compel compliance with the law "by protecting those who inform authorities of wrongdoing." ***Bensinger v. University of Pittsburgh Medical Center***, 98 A.3d 672, 677 (Pa. Super. 2014). The trial court summarized Appellant's Whistleblower claim as follows:

> The Whistleblower claim arises from allegations of separate instances of improper practices and events at Family Planning Plus "FPP": 1) Listing Dr. Levine as the medical director in billing software when he was no longer licensed to practice medicine in Pennsylvania; 2) Improperly billing Medical Assistance and the Select Plan Program for office visits when patients/clients were actually coming into the center to pick up prescriptions; 3) Improperly billing for "free" samples of a contraceptive device ("NuvaRing"); 4) Improperly billing a private insurance carrier for a "free" sexually transmitted disease screening program; and 5) Placing a charge on another patient's account to cover the crediting of the account of another patient who had overpaid for services.

Trial Court Opinion, 3/3/15, at 4.

Following the filing of the complaint, FPP filed an answer and new matter on May 30, 2013, and Appellant filed her reply to new matter on June 7, 2013. After the close of pleadings and discovery, FPP filed a motion for summary judgment on December 31, 2014, asserting that Appellant had not produced reports of wrongdoing and could not establish a causal connection

between any such reports and her termination. Motion for Summary Judgment, 12/31/14, at 8, ¶ 57. Appellant filed an answer to the motion on February 5, 2015. The trial court granted FPP's motion for summary judgment on March 3, 2015, and dismissed the case. Appellant filed a timely appeal to this Court on March 31, 2015. Both Appellant and the trial court complied with Pa.R.A.P. 1925.

Appellant raises the following issue on appeal:

1. Did the lower [c]ourt err in granting [FPP's] motion for summary judgment on [Appellant's] Wrongful Discharge and Whistleblower Act claims?

Appellant's Brief at 5.[2]

We exercise plenary review in an appeal from an order granting summary judgment. *Matharu v. Muir*, 86 A.3d 250, 255 (Pa. Super. 2014) (*en banc*). Summary judgment is appropriate where there is no genuine issue of material fact, and the moving party is entitled to relief as a matter of law. *Id*. (citing Pa.R.C.P. 1035.2). An appellate court may reverse a grant of summary judgment only if there has been an error of law or an abuse of discretion. *Kennedy v. Robert Morris Univ.*, ___ A.3d ___, 2016

---

[2] "The statement of the questions involved must state concisely the issues to be resolved, expressed in the terms and circumstances of the case but without unnecessary detail." Pa.R.A.P. 2116(a). While the statement of the issue lacked **necessary** detail and should have been divided into two questions, the argument section of Appellant's brief is compliant with our appellate rules. Because our appellate review is not hampered, we shall address Appellant's issue as two separate questions involving the two separate counts of the complaint, beginning with the Whistleblower count.

PA Super 16 (Pa. Super. filed January 29, 2016). "[W]e will view the record in the light most favorable to the non-moving party, and all doubts as to the existence of a genuine issue of material fact must be resolved against the moving party." *Matharu*, 86 A.3d at 255.

When a motion for summary judgment is premised on the contention that the party bearing the burden of proof at trial cannot produce sufficient facts to establish an aspect of her case necessary to carry her burden, as here, the non-moving party must produce evidence sufficient to establish or contest a material aspect of the case. *Rohrer v. Pope*, 918 A.2d 122, 127–128 (Pa. Super. 2007). Failure to do so entitles the moving party to judgment as a matter of law. *Id*.

The Whistleblower Law affords a remedy for victims of retaliatory actions by employers. 43 P.S. § 1423, Protection of employees.[3] In pertinent part, the Law provides as follows:

_____

[3] The Law, however, only protects "employees" who render services for a "public body." 43 P.S. § 1422. The term "public body" is defined, in relevant part, as "[a]ny other body which is created by Commonwealth or political subdivision authority or **which is funded in any amount** by or through Commonwealth or political subdivision authority or a member or employee of that body." *Id*. (emphasis added). We note that while the complaint asserted that FPP is a public body within the meaning of the statute because it receives public funding through the Commonwealth of Pennsylvania or a political subdivision thereof, Complaint, 3/15/13, at 6, ¶ 44, as evidenced by statements on FPP's website, *id*. at ¶ 10, the substantiating documentation, Exhibit A, is not attached to the complaint as is represented therein. *Id*. Because there is no issue raised concerning the Law's applicability, we merely note this insufficiency of the certified record.
*(Footnote Continued Next Page)*

**(a) Persons not to be discharged.**--No employer may discharge, threaten or otherwise discriminate or retaliate against an employee regarding the employee's compensation, terms, conditions, location or privileges of employment because the employee or a person acting on behalf of the employee makes a good faith report or is about to report, verbally or in writing, to the employer or appropriate authority an instance of wrongdoing or waste by a public body or an instance of waste by any other employer as defined in this act.

43 P.S. § 1423(a). Appellant maintains that she has an action against FPP pursuant to 43 P.S. § 1424, Remedies, which provides as follows:

**(a) Civil action.**--A person who alleges a violation of this act may bring a civil action in a court of competent jurisdiction for appropriate injunctive relief or damages, or both, within 180 days after the occurrence of the alleged violation.

43 P.S. § 1424(a).

"To prove a cause of action for wrongful discharge under the Whistleblower Law, the plaintiff must show both a protected report of wrongdoing or waste and a causal connection between that report and the discharge." *Evans v. Thomas Jefferson Univ.*, 81 A.3d 1062, 1064 (Pa. Cmwlth. 2013) (citing *O'Rourke II v. Commonwealth*, 778 A.2d 1194, 1200 (Pa. 2001)).

The causal connection that the Whistleblower Law requires must be demonstrated "by concrete facts or surrounding circumstances that the report of wrongdoing or waste led to the plaintiff's dismissal, such as that there was specific direction or

*(Footnote Continued)* ——————

We note, as well, that we have rejected an attempt to extend the Whistleblower Law to cover private employees. *Krajsa v. Keypunch, Inc.*, 622 A.2d 355, 360 (Pa. Super. 1993) ("We are not prepared to expand the coverage of the [Whistleblower Law] into the private arena.").

information received not to file the report or that there would be adverse consequences because the report was filed." [**Golaschevsky v. Department of Environmental Protection**, 720 A.2d 757, 759 (1998)] (quoting [**Gray v. Hafer**, 651 A.2d 221, 225 (Pa. Cmwlth. 1994]); **see also Sea v. Seif**, 831 A.2d 1288, 1293 n.5 (Pa. Cmwlth. 2003). . . . The burden shifts to the defendant to show a separate and legitimate reason for its actions only where plaintiff has satisfied the threshold showing of a causal connection. **O'Rourke**, 566 Pa. at 171–72, 778 A.2d at 1200. "Vague and inconclusive circumstantial evidence" is insufficient to satisfy that threshold burden to show a causal connection and shift the burden to the defendant to justify its actions. **Golaschevsky**, 554 Pa. at 163, 720 A.2d at 759; **Sea**, 831 A.2d at 1293 n.5.

**Evans**, 81 A.3d at 1070. Here, the evidence is insufficient to prove the essential elements of a Whistleblower Law cause of action.

The trial court summarized Appellant's observations and basis for her Whistleblower claim as follows:

Dr. Mickey Levine had served as the medical director for FPP. Dr. Levine had planned to retire effective December 31, 2012 and would no longer maintain an active medical license. Dr. Glenn Sherman assumed the duties of medical director effective November 1, 2012. See, Exhibit "B" attached to [FPP's] Motion for Summary Judgment. While performing her clerical duties in January 2013, [Appellant] observed that Dr. Levine's name appeared as medical director of the center on billing software notwithstanding the fact that he was no longer serving in this capacity and supposedly no longer held an active license to practice medicine. Upon seeing Dr. Levine's name, [Appellant] asked a co-worker "is this legal?" See, Deposition of Shelly Auman, [Appellant's] Response to Summary Judgment Motion, Appendix, Exhibit "A" page 16.

* * *

[Appellant's] second allegation of improprieties at FPP which forms the basis of her Whistleblower claim stems from supposed improper billings of Medical Assistance and Select Plan for office visits.

- 6 -

* * *

[Appellant's] third allegation of wrongdoing which forms the basis of her Whistleblower claim concerns billing Medical Assistance and Select Plan for free samples of NuvaRing—a contraceptive device.

* * *

[Appellant's] fourth allegation of wrongdoing and improper practices at FPP involve billing private insurance carriers—Blue Cross and Blue Shield—for a "free" STD program.

* * *

The final allegation of wrongdoing at FPP averred in support of [Appellant's] Whistleblower claim involves an overcharge to a patient at the Selinsgrove clinic.[2] From what we glean from the depositions submitted, a patient was overcharged for services. This overcharge was discovered and [as] a result FPP refunded the overcharge to the patient per the patient's instruction by crediting her credit card. The allegation is that FPP's Executive Director, Peggy Moser, instructed the staff to put the same charge on some other account—the inference being that by overcharging another patient, FPP would recover the dollar amount it had credited to the initial patient who had been overcharged originally.

[2] [Appellant] has averred that the overcharge involved amounted to $69.00. The FPP employees deposed testified consistently that the correct dollar amount involved is $65.00.

Trial Court Opinion, 3/3/15, at 4–11.

Appellant maintains that she made out a *prima facie* case for retaliatory discharge under the Law. Appellant's Brief at 13. She argues that prior to her discharge, she made a good-faith report of wrongdoing and "was discharged in reprisal for that report." Complaint, 3/15/13, at 6, ¶ 45.

The evidence in support of her claim was that she discussed all of her concerns about her observations at FPP with a co-worker, Jean Flournoy, but no one else at FPP. Appellant's Deposition, 8/13/14, at 15, 18, 20, 22, 24. Moreover, Appellant testified that she had no knowledge that Ms. Flournoy discussed any of these issues with anyone else at FPP. *Id*. at 19, 20. While Appellant contends that Ms. Flournoy "was, for all intents and purposes, a 'supervisor' despite [FPP's] pleas to the contrary," Appellant's Brief at 13, this assertion is belied by the record. Appellant herself acknowledged and admitted that Ms. Flournoy did not have "supervisory duties over [her]." Appellant's Deposition, 8/13/14, at 16. At her deposition, Ms. Flournoy testified that she did not recall Appellant mention any of the alleged acts of wrongdoing and did not recall telling anyone else about those issues. Flournoy Deposition, 9/22/14, at 26–27. Appellant also admitted that she never made any written inquiry or complaint regarding the alleged issues of wrongdoing. Appellant's Deposition, 8/13/14, at 20, 22.

Our review of the record convinces us that the trial court correctly determined that Appellant could not prove the essential elements of her Whistleblower Law claim. There is no evidence that Appellant reported wrongdoings by FPP, either verbally or in writing. There is clear evidence, however, that FPP terminated Appellant for issues regarding slamming doors, taking excessive smoking breaks, using her mobile telephone during work hours, displaying a negative attitude, and failing to accept constructive

criticism. Motion for Summary Judgment, 12/31/14, at 6 ¶ 42; Exhibit G. Moreover, FPP disciplined Appellant on three prior occasions for refusing to follow directions and displaying an inability to work with co-workers. *Id*. at 6 ¶ 43; Exhibits H, I, and J. We rely on the trial court's explanation in its opinion granting summary judgment, as explained *infra*.

Appellant also urges us to find that the public policy exception to the general principles of at-will employment applies to her. Complaint, 3/15/13, at 7, ¶ 49; Appellant's Brief at 18. Pennsylvania does not recognize a common law action for wrongful termination of at-will employment. *Weaver v. Harpster*, 975 A.2d 555, 562 (Pa. 2009). As an at-will employee, Appellant "may be terminated at any time, for any reason or for no reason." *Stumpp v. Stroudsburg Mun. Auth.*, 658 A.2d 333, 335 (Pa. 1995). An employee may bring a cause of action for a termination of that relationship only in the most limited circumstances, "where the termination violates a clear mandate of public policy." *Roman v. McGuire Memorial*, 127 A.3d 26, 32 (Pa. Super. 2015) (quoting *McLaughlin v. Gastrointestinal Specialists, Inc.*, 750 A.2d 283, 287 (Pa. 2000)). Appellant claims she was wrongfully discharged in retaliation for reporting alleged fraud in billing practices by FPP; thus, she argues that the public policy exception to the employment at-will doctrine applies. Complaint, 3/15/13, at 7, ¶ 49; Appellant's Brief at 18–19.

The trial court determined:

> We will also grant [FPP] the same relief and grant summary judgment in favor of [FPP] as to Count II, as well, sounding in Wrongful Discharge. Count II of the Complaint incorporates by reference the allegations averred in Count I. Count II does not aver any factual allegations exclusive of the allegations pleaded in the "Whistleblower" count of the Complaint. Paragraphs 50 and 51 of the Complaint simply recite language from case authority stating the exceptions to the "at will" employment doctrine. Clearly, Count II of the Complaint is based solely on the allegations averred in Count I. Since we have concluded that [Appellant] has not met her evidentiary burden to survive summary judgment as to Count I, it follows that we must reach the same conclusion regarding Count II of the Complaint. Therefore, we will grant summary judgment as to Count II as well.

Trial Court Opinion, 3/3/15, at 19. We agree that Appellant cannot avail herself of the public policy exception.

Because the trial court correctly concluded that Appellant could not prove the essential elements of her Whistleblower Law claim or cause of action for wrongful discharge, we affirm the order granting summary judgment, and we do so in reliance on the thorough opinion of the Honorable Michael H. Sholley, filed March 3, 2015.[4]

---

[4] The parties are directed to attach a copy of the trial court's opinion of March 3, 2015, to any future filings in this matter.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 2/22/2016