**BERMAN PROPERTIES, INC., Appellant,**

v.

**DELAWARE COUNTY BOARD OF AS-SESSMENT AND APPEALS and County of Delaware and Township of Upper Chichester and Chichester School District.**

Commonwealth Court of Pennsylvania.

Argued Feb. 9, 1995.
Decided May 3, 1995.

Donald J. Weiss, for appellant.

Arthur Levy, for appellee Chichester School Dist.

Before SMITH and KELLEY, JJ., and KELTON, Senior Judge.

SMITH, Judge.

Berman Properties (Berman) appeals from an order of the Court of Common Pleas of Delaware County (trial court) that granted

---

**3.** Because of our disposition of this case, we need not reach Employer's other argument.

motions for summary judgment and/or compulsory nonsuit in favor of certain defendants in Berman's action in equity challenging the system by which the Delaware County Board of Assessment Appeals (Board) establishes real property tax assessments and seeking review of the Board's denials of Berman's appeals from its 1992 assessments and of its attempt to appeal assessments from 1988 to 1991.

The issues as stated by Berman are whether the trial court committed clear error by granting compulsory nonsuit where there was a conspiratorial, systematic, selective and intentional administrative breakdown and intentional manipulation and misapplication of the tax assessment laws so as to harm Berman, and whether the trial court committed clear error by granting compulsory nonsuit where Berman is being denied substantive due process by having no adequate remedy at law.

### I.

Berman purchased an apartment complex known as the Willowbrook apartments in January 1988. It converted all of the units to one and two-bedroom condominiums, started renovations on various units and offered the units for sale. The Board reassessed 157 units after the sale of the first renovated unit in 1988, and sent notices of assessment to Berman. The notices did not conform with the requirements of Section 8 of the statute known as the Second Class A and Third Class County Assessment Law (Assessment Law), Act of June 26, 1931, P.L. 1379, *as amended*, 72 P.S. § 5349, in that they did not show the previous assessment and the common level ratio, and they indicated that the period in which to file an appeal was ten rather than forty days.

Berman filed timely appeals of the 1992 assessments with the Board; at the same time it filed appeals nunc pro tunc for the assessments from 1988 through 1991. The Board heard and denied the 1992 appeals and declined to hear and denied the others. Berman wished to appeal to the trial court; its counsel inquired about possible consolidation of the 157 appeals to avoid the cost of a filing

fee of $130 for each one, but no such procedure was available. Rather than pay more than $20,000 in total filing fees, Berman, with some other property owners in Willowbrook, filed sixteen appeals as to representative units (renovated and unrenovated on different stories of the buildings involved).[1]

When Berman filed the representative appeals, it also filed the action in equity from which the current appeal arises. The action names as defendants the Board, the County of Delaware (County), the Township of Upper Chichester (Township) and the Chichester School District (District). The complaint alleges generally that the Board has failed to conduct the annual assessment and revision of valuations required by the Assessment Law with the result that newer properties are being assessed at current market values while older ones are assessed based on old values that are comparatively too low.

Counts I through IV of the complaint assert claims pursuant to 42 U.S.C. § 1983; each of them requests as relief a declaration that the current method of assessment and collection of property taxes is illegal under the Assessment Law, an order requiring the County to appropriate funds for a program of annual assessments, an order to the Board to commence such a program and an order to the Board requiring it to permit property owners to file all appeals affecting one owner under one petition.

Count I claims a denial of substantive due process; Count II asserts violations of the right of equal protection of the laws under the Fourteenth Amendment because of the allegedly unequal and disproportionate tax burdens lacking a rational basis. Count III claims a violation of the requirement of Article VIII, Section 1, of the Pennsylvania Constitution that all taxes be uniform upon the same class of subjects within the limits of the taxing authority; Count IV claims a failure of the Board to examine and revise the annual assessments in violation of Sections 3(a) and 7(a) of the Assessment Law, 72 P.S. §§ 5344(a) and 5348(a).

Count V is styled an appeal from the decision of the Board as to the 1992 assessments;

---

1. By the time Berman filed court appeals relating to the 1993 assessments, the trial court administration devised a procedure by which Berman paid $150 for the first appeal and $10 for each of the remaining 156, which were separately docketed.

it asserts that the assessments are too high and requests reduction of them to a specified figure. Count VI points to the insufficiency of the notice at the time of the change of assessments in 1988; it asserts that the change was therefore null and void and requests a reassessment for the years 1988 through 1991. Finally, Count VII alleges that the Board failed to provide a good-faith hearing on the appeals and that its conduct was dilatory, obdurate and vexatious, resulting in expense for Berman; it requests judgment in an amount in excess of $20,000.

The complaint in equity and the various tax appeals at law are before Judge Joseph P. Cronin, Jr. Berman rested as to its equity action after the fourth day of hearings, and the trial court issued the order appealed from here before the fifth day.[2] That order (1) granted the Township's motion for summary judgment or, in the alternative, for compulsory nonsuit as to Counts I, II, III and IV; (2) granted the District's motion for summary judgment or, in the alternative, for compulsory nonsuit as to the same Counts; (3) granted motions of the Township and the School District for summary judgment or, in the alternative, for compulsory nonsuit in regard to Count V; (4) granted a motion for compulsory nonsuit on behalf of the County as to Count V; (5) granted the motions for compulsory nonsuit of the Township, the School District and the County as to Count VI; and (6) granted motions for compulsory nonsuit by those three parties to Count VII. The effect of the trial court's order was to retain equitable jurisdiction over all Counts against the Board and Counts I through IV against the County and to dismiss all Counts against other parties.

## II.

■ The standard of appellate review of the entry of a compulsory nonsuit is to give the plaintiff the benefit of every fact and reasonable inference arising from the evidence; all conflicts in the evidence shall be resolved in favor of the plaintiff. Relief in the nature of compulsory nonsuit is valid only in a clear case where the facts and circumstances lead to one conclusion—the absence of liability. *McKenzie v. Cost Bros., Inc.*, 487 Pa. 303, 409 A.2d 362 (1979).

■ The trial court's later opinion in support of its order noted that Berman's Counts I through IV do not identify the Township or the District as parties responsible for the injuries claimed and that, in a County of the Second Class A such as is involved here, the power to conduct assessments lies in the Board of Assessment Appeals under the Assessment Law. The Township and the District lack the power to influence policies with respect to assessments or reassessments; hence Berman could not be afforded equitable relief against them. As for Counts VI and VII, the trial court granted compulsory nonsuit in favor of the Township, the District and the County, noting that a review of the complaint shows that those Counts are directed against the Board only and that no evidence was presented by Berman to support a grant of equitable relief against any of the other defendants on those Counts.

This Court agrees that Berman's failure to make any allegations against the Township and the District, coupled with its failure to adduce any evidence against them, meets the standard set forth by the Supreme Court in *McKenzie*. Concerning Counts I through VI, those entities have no power whatsoever to alter the procedures by which the Board establishes assessments and no power to review the Board's decisions on current or past appeals. As for the "conspiracy" charges in Count VII, counsel for Berman stated, "Yes, Your Honor, I do agree that I haven't proven any kind of conspiracy so I do agree that neither the Township nor the School District would be affected or should be affected by that." N.T. October 15, 1993, p. 133.

■ The trial court's grant of compulsory nonsuit to the County on Counts V through VII also meets the *McKenzie* test. Again, each of these Counts on its face makes alle-

2. After Berman rested its case on the equity action on October 15, 1993, counsel representing the County and the Board moved to dismiss the action as to Counts I through IV, VI and VII but stated, "With regard to Count 5 I have no motion." N.T. October 15, 1993, p. 135. At the start of the fifth day of hearings the trial court took note that its order had not addressed the County's motion as to Counts I through IV and expressly denied that motion from the bench. N.T. November 16, 1993, pp. 30–31.

gations only against the Board. The County has no statutory role in the decisions of the Board, and the trial court, after hearing all of Berman's evidence, concluded that Berman had shown nothing regarding the participation of the County in a conspiracy. Concerning the lack of a motion by the County as to Count V, this Court notes that Pa.R.C.P. No. 2232(d) provides:

> When a plaintiff joins two or more defendants and the evidence does not justify a recovery against all of them, the court shall enter a nonsuit or direct a verdict in favor of any defendant not shown to be liable either jointly, severally or separately, and the action shall continue and determine which of the remaining defendants are jointly, severally or separately liable with the same effect as though the defendants found to be liable were the only ones joined. As in other cases the court may enter judgment notwithstanding the verdict in favor of or against any of such defendants.

Under this rule the trial court had the authority to enter nonsuit in favor of the County as to Count V even though the County had not moved for such relief.

Although the trial court discussed the difficult subject of when tax assessment challenges may properly be brought in equity, and although Berman has argued this point at length, the case before this Court does not present the situation of a denial of equitable jurisdiction. As the trial court noted, Counts I through VII against the Board remain, as do Counts I through IV against the County. The Board is the proper party to answer to claims relating to its conduct that are asserted in all seven Counts. The County has no association with the past adjudications of the Board that are the subject of Counts V through VII, but it may well have a role to play in constructing a statutorily sound system for establishing assessments and adjudicating and appealing them, should Berman prevail on Counts I through IV. Accordingly, the order of the trial court is affirmed.[3]

---

**3.** This affirmance does not result in the anomaly of simultaneous jurisdiction at law and in equity over the appeals that Berman filed with the trial court according to statutory procedures. Although Count V on its face challenges all of the 1992 assessments, counsel for Berman indicated

*ORDER*

AND NOW, this 3rd day of May, 1995, the order of the Court of Common Pleas of Delaware County, dated October 25, 1993, is affirmed.

---

on the fifth day of hearings that Count V requests that the court in equity consider 148 appeals, i.e., the total 157 that were initially appealed to the Board minus those that were appealed at law. N.T. November 16, 1993, p. 4.