Linda H. McCARTHY, Appellant

v.

**CITY OF BETHLEHEM.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs Sept. 5, 2008.

Decided Dec. 23, 2008.

Kevin J. Kelleher, Bethlehem, for appellant.

James D. Young, Harrisburg, for appellee.

BEFORE: LEADBETTER, President Judge, FRIEDMAN, Judge, FLAHERTY, Senior Judge.

OPINION BY President Judge LEADBETTER.

Linda H. McCarthy (McCarthy) appeals from an order of the Court of Common Pleas of Lehigh County (trial court) that granted a motion for summary judgment in favor of the City of Bethlehem (City) in her action seeking to recover for damage to her property allegedly caused by the City's negligent maintenance of its sanitary and storm water sewer system. McCarthy argues that the trial court improperly granted summary judgment in favor of the City because genuine issues of suggestive material fact exist regarding the City's liability under the utility service facilities exception to governmental immunity, set forth in Section 8542(b)(5) of the Judicial Code, *as amended,* 42 Pa.C.S. § 8542(b)(5). She further argues that the trial court abused its discretion in granting the motion for summary judgment based, in part, on her failure to comply with the Lehigh County Rules of Civil Procedure (local rules), which required her to timely file a brief in opposition to the motion.

McCarthy owns a residential property located at 1847 Homestead Avenue, Bethlehem, Lehigh County. She commenced an action against the City in 2006, alleging that her house and personal property sustained damages on October 8, 2005, when the lower level of her house was flooded with raw sewage and storm water during a major rainstorm. She averred that the damages were caused by the City's failure to properly repair, maintain and upgrade the sewer system despite numerous requests made by her and her neighbors.

The City filed an answer and new matter, denying McCarthy's allegations and raising the affirmative defense of governmental immunity. The City alleged that her claim did not fall within the utility service facilities exception to governmental immunity.

After completion of discovery, the City filed a motion for summary judgment. The City claimed that McCarthy's action was barred by governmental immunity because the evidence failed to show that her property was damaged by a dangerous condition of the City's sewer system. In support, the City attached to the motion an ACCU Weather report noting that 8.72 inches of rain fell at the Lehigh Valley International Airport on October 8, 2005, which was two to three times the normal rainfall for the entire month of October. The City also relied on McCarthy's testimony that the sump pump in her basement shut off during the October 8, 2005 rainstorm due to power failure. McCarthy testified:

> I came home from work [on October 8, 2005] and the sump pump was pumping when I got to the house. I went in and went downstairs and the power went off. The sump pump wasn't doing too bad until the power went off. And when the power went off the sewage just rose like unbelievable. I don't know how to describe it. We are talking raw sewage with peoples' tampons and things.

McCarthy's Deposition at 9–10; Reproduced Record (R.R.) at 44–45. The City also attached McCarthy's answer to the City's first set of interrogatories, in which she stated that her house flooded only once before the October 8, 2005 rainstorm. The City claimed that the property damages were caused by the power failure during the rainstorm, not by a malfunction of the City's sewer system, and that the City was not liable for the damages result-

ing from the record rainfall, which constituted a superseding cause.

McCarthy timely filed an answer to the motion, denying that her claim was barred by governmental immunity. She stated that she experienced storm water and sewage flowing into her property numerous times before the October 8, 2005 rainstorm. She further stated that, "[t]he damage suffered by Plaintiff was a result of the infiltration of raw sewage and/or storm water into her house to a substantial depth, which caused the electrical failure and resulted in the increase in raw sewage and/or storm water into her property." McCarthy's Answer to the Motion for Summary Judgment, ¶ 20; R.R. at 85. She denied that the rainfall during the storm was a superseding cause of the damages.

The trial court granted the City's motion and entered summary judgment in favor of the City and against McCarthy, determining that there was no genuine issue of material fact. The court stated that McCarthy "only draws conclusions of law and makes factual averments as to cause without providing evidence to support same." Trial Court's Order dated January 30, 2008, n. 1. The court also relied on McCarthy's failure to file a brief in opposition to the motion. McCarthy filed a motion for reconsideration and sought permission to file a brief and to present oral argument. The court denied her motion. McCarthy's appeal to this court followed.

■ Rule No. 1035.2 of the Pennsylvania Rules of Civil Procedure provides that any party may move for summary judgment in whole or in part as a matter of law:

> (1) whenever there is no genuine issue of any material fact as to a necessary element of the cause of action or defense which could be established by additional discovery or expert report, or

> (2) if, after the completion of discovery relevant to the motion, ... an adverse party who will bear the burden of proof at trial has failed to produce evidence of facts essential to the cause of action or defense which in a jury trial would require the issues to be submitted to a jury.

For the purpose of summary judgment, a factual issue is considered material "if its resolution could affect the outcome of the case under the governing law." *Strine v. Med. Care Availability & Reduction of Error Fund,* 586 Pa. 395, 402, 894 A.2d 733, 738 (2006). Summary judgment may be granted when, viewing all the facts in the light most favorable to the nonmoving party and resolving all doubt as to the existence of material fact against the moving party, the moving party is entitled to judgment as a matter of law. *Dep't of Transp. v. UTP Corp.,* 847 A.2d 801 (Pa. Cmwlth.2004). Summary judgment may be granted only when the moving party's right is clear and free from doubt. *Id.*

In order to impose liability upon a local agency, a party must demonstrate three conditions: (1) the damages would be recoverable under common law or a statute creating a cause of action if the injury were caused by a person not having available the defense of governmental immunity; (2) the injury was caused by a negligent act of the local agency or its employee acting within the scope of his or her office or duties; and (3) the negligent act falls within one of the enumerated exceptions to governmental immunity. Section 8542(a) of the Judicial Code, 42 Pa.C.S. § 8542(a); *Simko v. County of Allegheny,* 869 A.2d 571 (Pa.Cmwlth. 2005). Under the utility service facilities exception set forth in Section 8542(b)(5) of the Judicial Code, a local agency may be held liable for:

A dangerous condition of the facilities of steam, sewer, water, gas or electric systems owned by the local agency and located within rights-of-way, except that the claimant to recover must establish that the dangerous condition created a reasonably foreseeable risk of the kind of injury which was incurred and that the local agency had actual notice or could reasonably be charged with notice under the circumstances of the dangerous condition at a sufficient time prior to the event to have taken measures to protect against the dangerous condition.

In *City of Washington v. Johns*, 81 Pa. Cmwlth. 601, 474 A.2d 1199 (1984), the property owners and tenants filed an action against the city under "the sewer system" exception to governmental immunity set forth in former Section 202(b)(5) of the Act of November 26, 1978, P.L. 1399, *as amended*, 53 P.S. § 5311.202(b)(5).[1] As in this case, the plaintiffs alleged that their property was damaged when the city's storm drainage system overflowed into the basement of their home during a heavy rainstorm. The evidence showed that the city sewer drainage system was filled with dirt and mud and that as a result, storm water had previously backed into the plaintiffs' basement numerous times. The evidence also demonstrated that the city had been asked several times to correct the problem with the sewer system.

In *Johns*, the trial court determined after a nonjury trial that the city was liable for the damages, and this court affirmed. This court noted that at common law, municipalities are liable for injuries resulting from negligent construction of a sewer system or for failure to keep the system in repair, although they may not be held liable for damages resulting from the inadequacy of the sewer system. *See Yulis v. Borough of Ebensburg*, 182 Pa.Super. 423,

128 A.2d 118 (1956). The court concluded that the evidence demonstrated more than mere inadequacy of the sewer system and was sufficient to establish the city's negligent maintenance of the sewer system, which created a dangerous condition. The evidence also established that the city had notice of the dangerous condition and that the risk of injury was reasonably foreseeable.

McCarthy presented similar evidence in this matter. She experienced "[s]urface water flooding many times from 1986 to 1999" and "[sew]age infiltration many times from 1999 to 2006." Answer to the City's First Set Interrogatories, ¶ 4; R.R. at 59. She testified that she complained about the sewer system problems to the City beginning in 1999 when a sewage backup occurred after the City capped off an illegal hookup between the storm water system and the sewage system in the neighborhood. The City then placed a computer in a manhole between her property and the adjacent property for several years to monitor the source of a "surcharge." The City also set up a system to pump out water from that manhole. Despite the City's action, her property continued to be flooded. She eventually learned that the City had placed the computer and the pump system in the wrong manhole. After the City employee moved them to a manhole in front of her house after the October 8, 2005 rainstorm, flooding stopped. *See* McCarthy's Deposition at 25–29; R.R. at 48–49a.

As in *Johns*, the evidence presented by McCarthy went beyond the mere inadequacy of the City's sewer system and was sufficient to raise genuine issues of material fact regarding whether the City negligently maintained the sewer system, creating a dangerous condition, whether that

---

1. Section 202(b)(5) was repealed by Section 333 of the Act of October 5, 1980, P.L. 693.

A similar provision is now found in Section 8542(b)(5) of the Judicial Code.

dangerous condition created a reasonably foreseeable risk of the type of injury sustained and whether the City had notice of the dangerous condition. These elements of the cause of action under the utility service facilities exception are all questions of fact for the jury to decide. *See Le-Nature's Inc. v. Latrobe Mun. Auth.,* 913 A.2d 988 (Pa.Cmwlth.2006), *appeal denied,* 594 Pa. 717, 937 A.2d 447 (2007).

■■■ To recover under the utility service facilities exception, McCarthy was also required to establish that the City's negligent maintenance of the sewer system was a "proximate cause" of the damages to her property. *Taylor v. Jackson,* 164 Pa. Cmwlth. 482, 643 A.2d 771 (1994). A proximate cause "may be established by evidence that a defendant's negligent act or failure to act was a *substantial factor* in bringing about the harm inflicted upon a plaintiff." *Powell v. Drumheller,* 539 Pa. 484, 491, 653 A.2d 619, 622 (1995) [quoting *Jones v. Montefiore Hosp.,* 494 Pa. 410, 416, 431 A.2d 920, 923 (1981)] (emphasis in original).

The evidence showed that the City attempted for many years but failed to correct the problems with the sewer system, which caused the sewage backup into McCarthy's house. Her evidence raises a genuine issue of material fact as to whether the City's negligent maintenance of the sewer system was a substantial factor in causing the property damage. The City argues that the property damage was caused by the power failure, not by the malfunctioning sewer system, and that the City is not liable for the damages resulting from the superseding cause of the heavy rainfall. However, the City's negligence need not be the sole cause. Whether the City's negligence was a substantial factor in causing the damages is a question for the jury. *Aiken v. Borough of Blawnox,* 747 A.2d 1282 (Pa.Cmwlth.2000). Whether the October 8, 2005 rainstorm was such an extraordinary event as to constitute a superseding cause is also a question for the jury. *Powell.*

■■■ The trial court also granted summary judgment because McCarthy failed to file a brief in opposition to the motion in compliance with the local rule No. 1035.2(a), which provides in relevant part:

> Rule 1035.2(a). Motion for Summary Judgment
>
> (2) Any party opposing the motion shall file a *response along with a supporting brief,* within thirty (30) days after service of the motion. *If a response is not filed as provided above, the court may treat the motion as uncontested.*
>
> . . . .
>
> (4) After *a response* to the motion is filed or after *the response period* has elapsed, the assigned judge may schedule the motion for oral argument. [Emphasis added.]

Under the clear language of local rule 1035.2(a)(2), the trial court was authorized to treat the motion for summary judgment as uncontested only upon a failure to timely file a *response* to the motion, not a supporting brief. McCarthy timely filed an answer to the motion. Consequently, the trial court lacked authority to treat the City's motion as uncontested and to enter summary judgment in favor of the City on that basis.

Moreover, Section 323 of the Judicial Code, 42 Pa.C.S. § 323, provides that *"except as otherwise prescribed by general rules,* every court shall have power to make such rules and orders of court as the interest of justice or the business of the court may require." (Emphasis added.) A local rule includes "every rule, regulation, directive, policy, custom, usage, form or order of general application, however labeled or promulgated, which is adopted and enforced by a court of common pleas

to govern civil practice and procedure." Pa. R.C.P. No. 239(a). Local rules, however, "shall not be inconsistent with any general rule of the Supreme Court or any Act of Assembly." Pa. R.C.P. No. 239(b). Rule of Civil Procedure No. 126 provides:

> The rules shall be liberally construed to secure the just, speedy and inexpensive determination of every action or proceeding to which they are applicable. The court at every stage of any such action or proceeding may disregard any error or defect of procedure which does not affect the substantial rights of the parties.

Pursuant to Pa. R.C.P. No. 1035.3(d), "[s]ummary judgment may be entered against a party who does not *respond*." (Emphasis added.) However, "[n]o civil action or proceeding shall be dismissed for failure to comply with a local rule." Pa. R.C.P. No. 239(f).

In *Byard F. Brogan, Inc. v. Holmes Electric Protective Co. of Philadelphia.,* 501 Pa. 234, 460 A.2d 1093 (1983), the court invalidated former Montgomery County Rule of Civil Procedure No. 302(d), which authorized the trial court to grant or dismiss motions, petitions or preliminary objections for a party's failure to timely file a brief. The Court explained:

> The trial of a lawsuit is not a sporting event where the substantive legal issues which precipitated the action are subordinate to the 'rules of the game.' A lawsuit is a judicial process calculated to resolve legal disputes in an orderly and fair fashion. It is imperative that the fairness of the method by which the resolution is reached not be open to question. A rule which arbitrarily and automatically requires the termination of an action in favor of one party and against the other based upon a non-prejudicial procedural mis-step, without regard to the substantive merits and without regard to the reason for the slip,
> is inconsistent with the requirement of fairness demanded by the Pennsylvania Rules of Civil Procedure. Rule 126 is not a judicial recommendation which a court may opt to recognize or ignore. Rather the rule is a statement of the requirement of fairness and establishes an affirmative duty courts are bound to follow in applying all procedural rules whether they be statewide or local in origin.

*Id.* at 240, 460 A.2d at 1096. *See also Davies v. SEPTA,* 865 A.2d 290 (Pa. Cmwlth.2005) (the local rule allowing only seven days to respond to a motion for summary judgment was declared invalid as inconsistent with Pa. R.C.P. No. 1035.3(a) allowing thirty days to respond); *Murphy v. Armstrong,* 424 Pa.Super. 424, 622 A.2d 992 (1993) (the local rule permitting dismissal of an action for failure to file a brief in response to a demurrer violated Pa. R.C.P. No. 239(f) proscribing dismissal of an action for failure to comply with a local rule).

Under *Byard F. Brogan, Inc., Davies* and *Murphy,* the local rule 1035.2(a)(2), *as interpreted by the trial court* to authorize a grant of summary judgment based solely on an opposing party's failure to file a brief in support of her response to a dispositive motion, would be invalid as inconsistent with Pa. R.C.P. Nos. 126, 239(f) and 1035.3(d). Hence, the trial court abused its discretion in entering summary judgment in favor of the City based, in part, on McCarthy's failure to timely file a brief.

Accordingly, the order of the trial court is reversed, and this matter is remanded for further proceedings.

### *ORDER*

AND NOW, this 23rd day of December, 2008, the order of the Court of Common Pleas of Lehigh County in the above-captioned matter is hereby REVERSED.

This matter is REMANDED for further proceedings.

Jurisdiction relinquished.