# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Gary Pascoe and Lori Pascoe,    :
his wife,    :
             Appellants    :
   :
           v.    : No. 544 C.D. 2016
   : Argued: April 20, 2017
Pennsylvania American Water    :
Company, Wyoming Valley    :
Sanitary Authority, Township    :
of Hanover    :


BEFORE:    HONORABLE MARY HANNAH LEAVITT, President Judge
             HONORABLE JOSEPH M. COSGROVE, Judge (P)
             HONORABLE JAMES GARDNER COLINS, Senior Judge


OPINION NOT REPORTED

MEMORANDUM OPINION BY
SENIOR JUDGE COLINS                           **FILED: May 26, 2017**


      This is an appeal filed by Gary Pascoe and Lori Pascoe (Plaintiffs) from an order of the Court of Common Pleas of Luzerne County (trial court) denying post-trial relief and entering judgment in favor of defendant Township of Hanover (Township) on the ground that Plaintiffs' claims against the Township were barred by governmental immunity under Sections 8541 and 8542 of the Judicial Code, 42 Pa. C.S. §§ 8541-8542, commonly referred to as the Political Subdivision Tort Claims Act (PSTCA). For the reasons set forth below, we affirm.

      On April 23, 2010, the Township's sanitary sewer line flooded Plaintiffs' home with four inches of water and raw sewage. (Trial Transcript (N.T.) at 43-47, 68-70, Reproduced Record (R.R.) at 51a-52a, 57a.) Plaintiffs

brought this action against three defendants, Pennsylvania American Water Company (Water Company), Wyoming Valley Sanitary Authority (Authority), and the Township. Plaintiffs alleged that the Township and the Authority, which performed maintenance and repair of Township sewer lines under contract with the Township, were liable because they negligently failed to maintain the sewer and that a leak in the Water Company's water line flowed into the sewer and contributed to the sewer backup. (Complaint ¶¶7-14, R.R. at 8a-9a.) Plaintiffs sought damages in the amount of $28,779 for the costs they incurred in cleaning up and repairing the damage to their home and for personal property that was destroyed. (*Id.* ¶¶15-16, R.R. at 9a.) The Township and the Authority pleaded governmental immunity as a defense in their answer and new matter to Plaintiffs' complaint. (Township and Authority Answer and New Matter ¶18, R.R. at 29a.) The case was tried before a jury from February 8 to February 10, 2016. At the start of trial, the trial court approved Plaintiffs' voluntary discontinuance of their claims against the Authority.

At trial, Plaintiffs introduced evidence that when the Township responded to the sewer backup on April 23, 2010, the sewer line was found to be in a collapsed and deteriorated condition, blocked by tree roots and debris. (N.T. at 70-71, 83-85, R.R. at 57a-58a, 61a.) Plaintiffs introduced no evidence that blockages of the sewer line or sewer backups occurred frequently, that any blockage or backup had occurred in the months or years immediately before the April 23, 2010 incident, or that the Township received complaints that there was a problem with the sewer line in the months or years immediately before the April 23, 2010 incident. Plaintiff Lori Pascoe testified that a blockage of the same sewer line occurred and backed up sewage and water into Plaintiffs' next-door

2

neighbors' house in 1998. (*Id.* at 57, 62-65, R.R. at 54a-56a.) She further testified that the 1998 blockage was at the location of the same tree that blocked the sewer line in the April 23, 2010 incident and that the Township or the Authority came out to fix the 1998 sewer backup. (*Id.* at 57, 62-65, R.R. at 54a-56a.) Plaintiff Lori Pascoe also testified that, to her knowledge, the Township did no work concerning the tree or work on the sewer line between the 1998 incident and April 23, 2010, and that the tree was removed after the April 23, 2010 incident. (*Id.* at 65-66, R.R. at 56a.) Plaintiffs, however, did not introduce any evidence as to what caused the 1998 sewer backup.

A former Township employee was called by Plaintiffs as a witness and testified that the Township abolished its sewer department and contracted with the Authority for sewer services at least four years before the April 23, 2010 incident and that no inspections or maintenance were done by the Township or the Authority on the Township's sewer lines unless there was a problem or bad line. (N.T. at 79-80, 85-88, 90-94, R.R. at 60a-63a.) The former Township employee testified that the Township was not aware that there was a problem with the sewer line before the April 23, 2010 incident and that, to his knowledge, Plaintiffs had not complained to the Township of any sewer backups before the April 23, 2010 incident. (*Id.* at 88, 91-93, R.R. at 62a-63a.) Plaintiffs did not call any expert witness or introduce into evidence any records concerning the sewer line's repair or blockage history.

At the close of Plaintiffs' case, the Township moved for a compulsory nonsuit on the ground that Plaintiffs' claims against it were barred by governmental immunity because Plaintiffs did not prove that the Township had notice of the problem with the sewer line. The trial court granted the Township's

motion for compulsory nonsuit, and only Plaintiffs' claims against the Water Company went to the jury, which returned a verdict in favor of the Water Company. Plaintiffs timely filed a motion for post-trial relief seeking removal of the compulsory nonsuit and a new trial on their claims against the Township. Plaintiffs did not seek any post-trial relief with respect to the jury's verdict in favor of the Water Company. On March 15, 2016, the trial court denied Plaintiffs' motion for post-trial relief and entered judgment in favor of defendants and against Plaintiffs. Plaintiffs, in this appeal, challenge only the trial court's grant of the Township's motion for compulsory nonsuit.[1]

Section 8541 of the PSTCA provides that "[e]xcept as otherwise provided in this subchapter, no local agency shall be liable for any damages on account of any injury to a person or property caused by any act of the local agency or an employee thereof or any other person." 42 Pa. C.S. § 8541. There is no dispute that the Township is a local agency. Section 8542 of the PSTCA provides that liability for personal injury or property damage may be imposed on a local agency if three conditions are met: (1) the damages would be recoverable under common law or statute against a non-immune party; (2) the injury was caused by a

---

[1] The scope of review in an appeal from the denial of post-trial motions to remove a compulsory nonsuit is limited to determining whether the trial court abused its discretion or committed an error of law. *Thomas v. City of Philadelphia*, 804 A.2d 97, 102 n.7 (Pa. Cmwlth. 2002). The standard for review that this Court applies is whether, viewing all the evidence and all reasonable inferences arising from it in the light most favorable to the plaintiff, the jury could not reasonably conclude that the defendant is liable to the plaintiff. *Id.*; *Berman Properties, Inc. v. Delaware County Board of Assessment and Appeals*, 658 A.2d 492, 494 (Pa. Cmwlth. 1995). Whether an action is barred by governmental immunity is a question of law. *Sobat v. Borough of Midland*, 141 A.3d 618, 624 (Pa. Cmwlth. 2016); *Le-Nature's, Inc. v. Latrobe Municipal Authority*, 913 A.2d 988, 994 (Pa. Cmwlth. 2006). Whether the government entity had notice of the condition that caused harm, however, is a question of fact that is ordinarily for the jury. *McCarthy v. City of Bethlehem*, 962 A.2d 1276, 1279-80 (Pa. Cmwlth. 2008); *Medicus v. Upper Merion Township*, 475 A.2d 918, 921-22 (Pa. Cmwlth. 1984).

4

negligent act of the local agency or its employee acting within the scope of his office or duties; and (3) the negligent act of the local agency or employee falls within one of the eight exceptions to governmental immunity enumerated in Section 8542(b) of the PSTCA. 42 Pa. C.S. § 8542(a); *McCarthy v. City of Bethlehem*, 962 A.2d 1276, 1278 (Pa. Cmwlth. 2008). The eight categories for which Section 8542(b) waives immunity include "[u]tility service facilities." 42 Pa. C.S. § 8542(b)(5). Plaintiffs contend that their claims fall within the utility service facilities exception and do not argue that any of the other exceptions to immunity are applicable.

> The utility service facilities exception provides:

> (5) *Utility service facilities*.--<u>A dangerous condition of the facilities of</u> steam, <u>sewer</u>, water, gas or electric <u>systems owned by the local agency</u> and located within rights-of-way, <u>except that the claimant to recover must establish</u> that the dangerous condition created a reasonably foreseeable risk of the kind of injury which was incurred and <u>that the local agency had actual notice or could reasonably be charged with notice under the circumstances of the dangerous condition at a sufficient time prior to the event to have taken measures to protect against the dangerous condition.</u>

42 Pa. C.S. § 8542(b)(5) (underline emphasis added). This exception to immunity applies to claims for property damage from sewage backup or flooding caused by a municipality's failure to properly maintain a sewer line. *McCarthy*, 962 A.2d at 1279-80; *City of Washington v. Johns*, 474 A.2d 1199, 1202-03 (Pa. Cmwlth. 1984). To recover damages under the utility service facilities exception, however, the plaintiff must prove that the municipality had actual or constructive notice of this dangerous condition before the incident that is the subject of the action. *King v. Pittsburgh Water & Sewer Authority*, 139 A.3d 336, 352 (Pa. Cmwlth. 2016)*; Gibellino v. Manchester Township*, 109 A.3d 336, 342-43 (Pa. Cmwlth. 2015);

*McCarthy*, 962 A.2d at 1279-80; *Miller v. Lykens Borough Authority*, 712 A.2d 800, 802 (Pa. Cmwlth. 1998); *Johns*, 474 A.2d at 1202.   Plaintiffs argue that the evidence at trial was sufficient to satisfy this notice requirement.  We do not agree.

Evidence of flooding or sewer backups at the same location prior to the incident and complaints to the municipality of such problems can be sufficient to permit a jury to find that the municipality had notice, even if the municipality did not have actual knowledge that the sewer was obstructed.  *Gibellino*, 109 A.3d at 343; *McCarthy*, 962 A.2d at 1279-80; *Medicus v. Upper Merion Township*, 475 A.2d 918, 921 (Pa. Cmwlth. 1984); *Johns*, 474 A.2d at 1203.  In the cases where such evidence was held sufficient, the plaintiffs showed that the same kind of flooding or backup had occurred repeatedly or within a few months before the incident for which the plaintiff sought damages.  *See McCarthy*, 962 A.2d at 1279-80 (evidence of numerous instances of flooding between 1986 and 1999, numerous instances of sewage infiltration between 1999 and 2006, and complaints to municipality about the sewer system problems beginning in 1999 satisfied the utility service facilities exception notice requirement with respect to a claim for damage caused by a 2005 sewage backup); *Medicus*, 475 A.2d at 919, 921 (three separate incidents of flooding in a three-month period in the year in question were held sufficient to satisfy the notice requirement); *Johns*, 474 A.2d at 1201, 1203 (plaintiffs satisfied the notice requirement where there was evidence that 10 to 12 incidents of storm water backing into their basement occurred over a 13-year period, multiple complaints were made to the municipality, and the municipality

6

found and removed a significant amount of dirt and mud from the sewer when it responded to one of the complaints).[2]

Here, the only evidence that the Township had notice of a problem with the sewer line consisted of one prior backup of the sewer at the same location in 1998, 12 years earlier. Plaintiffs showed that no regular inspections of the sewer line were done after the 1998 incident and there was no evidence of changes or repair to the sewer line after 1998. Plaintiffs did not, however, introduce any evidence of the cause of the 1998 backup and only showed that it occurred at the same location. Absent evidence that the cause of the prior backup was a condition that put the Township on notice of a need for long-term monitoring or inspection of that portion of the sewer line for blockage, a single incident of sewer line backup 12 years earlier is simply too temporally remote to constitute notice that the sewer line is currently in a dangerous condition.

Plaintiffs argue that failure to conduct any regular inspections or maintenance can satisfy the notice requirement even if there is no history of a prior problem with the sewer. We do not agree that mere proof of failure to inspect and maintain the sewer by itself is sufficient in this case to show that the Township had notice of the sewer's dangerous condition. In *King*, an action involving personal injuries caused by a hole in a deteriorated sewer grate, this Court held the government agency's practice of inspecting sewer grates only in response to

---

[2] Notice can also be found by the jury where there is evidence that the government entity created the dangerous condition of the sewer. *DeTurk v. South Lebanon Township*, 542 A.2d 213, 215-16 (Pa. Cmwlth. 1988) (evidence that defendants altered surface water flow and damaged storm water system satisfied notice requirement); *see also Eaborn v. Township of Findlay*, (Pa. Cmwlth., No. 870 C.D. 2008, filed March 4, 2009), slip op. at 7, 2009 WL 9103004 at *3 (fact that municipality damaged the pipe was sufficient to prove notice of pipe's damaged condition). There is no evidence that the Township created the blocked condition of the sewer or had notice on this alternative basis.

complaints was not a sufficient basis to charge it with notice of the dangerous condition of the grate. 139 A.3d at 352-53. *Rooney v. City of Philadelphia*, 623 F. Supp.2d 644 (E.D. Pa. 2009), on which Plaintiffs rely, does not support their contention that notice of prior problems or complaints is unnecessary. In *Rooney*, there was evidence of at least seven separate complaints of problems at the sewer system location in question in the six years before the incident. *Id.* at 651-52. Moreover, Plaintiffs did not introduce any expert testimony or other evidence from which a jury could determine what inspections of sewers should be conducted in the absence of complaints or problems and how frequently such inspections should occur.

For the foregoing reasons, we conclude that the trial court correctly held that Plaintiffs' claims against the Township were barred by immunity. Accordingly, the trial court's order denying Plaintiffs' motion for post-trial relief and entering judgment in favor of the Township is affirmed.

**JAMES GARDNER COLINS, Senior Judge**

Judge Cosgrove dissents.

8

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Gary Pascoe and Lori Pascoe,      :
his wife,      :
          Appellants      :
      :
          v.      : No. 544 C.D. 2016
      :
Pennsylvania American Water      :
Company, Wyoming Valley      :
Sanitary Authority, Township      :
of Hanover      :

## ORDER

AND NOW, this 26th day of May, 2017, the order of March 15, 2016 of the Court of Common Pleas of Luzerne County denying Appellants' motion for post-trial relief in the above captioned-matter is AFFIRMED.

_____
**JAMES GARDNER COLINS, Senior Judge**