# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Robin Williams, Administrator of the : 
Estate of Robin Taneisha Williams, :
Deceased, and Robin Williams, :
Individually, :
                 Appellants :
  :
       v. : No. 786 C.D. 2018
  : ARGUED: March 14, 2019
Barry M. Searfoss and Warminster :
Township and Five Ponds Golf Club :
and Bump & Run Charity Golf and :
D'Angelo Foundation and D'Angelo :
and Company and Christine Cole :
and P.J. Hansen and Lisa Williams :
and Charles ("Tony") Williams :

BEFORE:     HONORABLE ROBERT SIMPSON, Judge
                    HONORABLE ANNE E. COVEY, Judge
                    HONORABLE ELLEN CEISLER, Judge

OPINION NOT REPORTED

MEMORANDUM OPINION
BY JUDGE CEISLER                           FILED: May 1, 2019

Robin Williams (Plaintiff), individually and as administrator of the estate of decedent Robin Taneisha Williams, appeals following entry of judgment in the Bucks County Court of Common Pleas[1] (trial court) on a verdict rendered in favor of Plaintiff after trial. This appeal involves two interlocutory pretrial orders sustaining the preliminary objections of Defendants Warminster Township (Township) and Five Ponds Golf Club (Golf Club) (jointly, Municipal Defendants),

---

[1] The Honorable Robert O. Baldi entered the orders at issue in this appeal. The Honorable James M. McMaster presided over the trial in this case.

and the preliminary objections of D'Angelo Foundation, D'Angelo & Company, Christine Cole, P.J. Hansen, and Charles and Lisa Williams (collectively, Agent Defendants). After thorough review, we affirm.

## I. Background

In May 2012, the decedent was killed in a motor vehicle accident on the Pennsylvania Turnpike. Defendant Barry M. Searfoss (Searfoss), while driving under the influence of alcohol, ran his pickup truck into the rear of the decedent's automobile, which was moving slowly because of engine failure.

Prior to the accident, Searfoss, a Pennsylvania State Trooper, was at the Golf Club attending a charity golfing event, ironically inspired by a 1997 drunk driving fatality. The Golf Club hosted the event. D'Angelo Foundation and D'Angelo & Company sponsored the event. According to Plaintiff's complaint, Christine Cole, P.J. Hansen, and Charles and Lisa Williams were "agents" or "employees" of Municipal Defendants, D'Angelo Foundation, and D'Angelo & Company. Reproduced Record (R.R.) at 37a.

Searfoss paid a fee to attend the event. While there, he consumed alcoholic beverages to the point where he became legally intoxicated. He then drove his truck on the Pennsylvania Turnpike and caused the fatal accident. When tested after the accident, Searfoss's blood alcohol level was 0.18.

In May 2014, Plaintiff filed suit against Searfoss, Municipal Defendants, and Agent Defendants.[2] Relevant here, Plaintiff alleged Municipal Defendants and Agent Defendants were negligent in serving alcohol at the event without monitoring consumption, and specifically in serving Searfoss while he was visibly intoxicated.

---

[2] Plaintiff also sued Bump and Run Charity Golf (B&R), an entity of uncertain legal status. As discussed further below, B&R did not participate in the action.

2

Municipal Defendants and Agent Defendants filed preliminary objections asserting governmental immunity, which the trial court sustained. Plaintiff filed an appeal, which this Court quashed as interlocutory and therefore premature. The case then proceeded against Searfoss.

In May 2018, the trial court held a two-day trial which resulted in a total verdict of $7,100,000 in Plaintiff's favor against Searfoss. After judgment was entered on the verdict, Plaintiff filed a timely appeal challenging the trial court's interlocutory orders that sustained the preliminary objections of Municipal Defendants and Agent Defendants. This matter is now before us for disposition.

## II. Issues

On appeal,[3] Plaintiff presents several related arguments against applying governmental immunity. She contends the statute commonly known as the Political Subdivision Tort Claims Act[4] (Tort Claims Act) does not immunize municipal golf course liquor licensees from tort liability for serving alcoholic beverages to visibly intoxicated persons. Further, she asserts the Liquor Code[5] does not provide local government liquor licensees with any exception from tort liability for serving alcoholic beverages to visibly intoxicated persons. Plaintiff also argues the Tort Claims Act does not provide immunity from liability to agents and employees of municipal golf course licensees for intentional, wanton, and willful conduct in

[3] On appeal from an order granting preliminary objections, our standard of review is *de novo* and scope of review is plenary. *Rohner v. Atkinson*, 118 A.3d 486 (Pa. Cmwlth. 2015). We accept as true all well-pleaded, material, and relevant facts alleged in the complaint and every inference that may be fairly deduced from those facts. *Id.* We will sustain the preliminary objections when, under the facts as pleaded, it is clear the plaintiff will be unable to establish a right to relief. *Id.*

[4] 42 Pa. C.S. §§ 8541-8542.

[5] Act of April 12, 1951, P.L. 90, *as amended*, 47 P.S. §§ 1-101–10-1001.

serving alcoholic beverages to visibly intoxicated persons who then cause injuries to third persons away from the licensed premises.

Additionally, Plaintiff insists her complaint averred material facts sufficient to support an award of punitive damages.

### III. Discussion

### A. Jurisdiction over the Appeal

As a threshold issue, we must determine whether this appeal is properly before us. Specifically, we must consider whether the judgment in this matter disposed of all claims against all parties, in that Defendant Bump & Run Charity Golf (B&R) was never formally dismissed as a party in the trial court. The record indicates Plaintiff served B&R with the complaint, but it does not reflect disposition of Plaintiff's claim against B&R. To be final and appealable, an order ordinarily must dispose of all claims and all parties. Pa. R.A.P. 341(b)(1). Therefore, this Court directed the parties to address whether the trial court's judgment disposed of the claim against B&R.

Plaintiff states that the complaint erroneously named B&R as a Defendant when in reality it was simply the name of the event. Plaintiff suggests B&R was "not a person, corporation or business entity capable of being sued." Appellants' Br. at 8 n.1. However, Plaintiff fails to point to any record support for this averment.

The complaint identified B&R as "a corporation or other entity duly organized and existing under the laws of the Commonwealth of Pennsylvania [or] an organization or association of individuals or entities trading and doing business under such fictitious name . . . ." R.R. at 36a. Moreover, although B&R never appeared or answered the complaint, the record shows B&R was served in June 2014 at its principal place of business, the residence of Defendant Christine Cole. Plaintiff

4

did not discontinue her claims against B&R or request a determination of the finality of the trial court orders under Pa. R.A.P. 341(c).

In order to resolve this issue, the parties have stipulated to dismissal of B&R as a party to the action. Confirmation of that stipulation was filed in this Court on April 3, 2019. Accordingly, the appeal is now properly before us.

## B. Governmental Immunity of Liquor Licensees

Under the Tort Claims Act, as a general rule, governmental agencies enjoy immunity from tort liability; "no local agency shall be liable for any damages on account of any injury to a person or property caused by any act of the local agency or an employee thereof or any other person." 42 Pa. C.S. § 8541. The exceptions to governmental immunity are set forth in Section 8542 of the Tort Claims Act, which permits imposition of liability for specific enumerated categories of acts, none of which is implicated here.[6] *See* 42 Pa. C.S. § 8542(b).

Plaintiff argues Municipal Defendants and Agent Defendants are not entitled to governmental immunity as local agencies. Plaintiff also relies on the provisions of the Liquor Code as support for her argument that Municipal Defendants and Agent Defendants are not immune from liability.

## 1. Local Agency Immunity under the Tort Claims Act

Plaintiff contends the trial court erred in extending tort immunity to Municipal Defendants and Agent Defendants as local agency liquor licensees. Based on that contention, Plaintiff argues the trial court further erred by sustaining the preliminary

---

[6] We reject the suggestion raised at oral argument that *Brewington v. City of Philadelphia*, 199 A.3d 348 (Pa. 2018) has any relevance to this case. *Brewington* concerned the real property exception to governmental immunity, distinguishing injuries caused by defects in real property from those arising out of negligent supervision in the absence of such defects. There is no defect in real property here. Even if Plaintiff could fit the averments of her complaint within the parameters of a negligent supervision claim, such a claim is not among the exceptions to governmental immunity. Thus, *Brewington* has no application here.

5

objections of Agent Defendants, because Agent Defendants do not have immunity if the Township and Golf Club do not have immunity. We discern no merit in Plaintiff's arguments.

In *Guinn v. Alburtis Fire Co.*, 614 A.2d 218 (Pa. 1992), our Supreme Court determined that local agency immunity shielded a volunteer fire company from liability for serving alcohol to a visibly intoxicated individual who later suffered an injury while walking home. The Court held a volunteer fire company's governmental immunity is not limited to acts within the scope of its duties; volunteer fire companies are entitled to governmental immunity under 42 Pa. C.S. § 8541 even when they are not engaged in firefighting activities. The Court reasoned that "[t]he language of Section 8541 is clear and unambiguous. Section 8541 provides that a local agency is entitled to governmental immunity; it does not say that a local agency is entitled to governmental immunity only when acting within the scope of its duties." *Guinn*, 614 A.2d at 220.

In *Sphere Drake Insurance Co. v. Philadelphia Gas Works*, 782 A.2d 510 (Pa. 2001), our Supreme Court determined the Philadelphia Facilities Management Corporation (PFMC), a nonprofit corporation formed to manage the city-owned Gas Works, qualified as a local agency for purposes of governmental immunity. In making that determination, the Court noted that Section 8501 of the Judicial Code defines a "local agency" as a government unit other than the Commonwealth government. 42 Pa. C.S. §8501. Under Section 102 of the Judicial Code, a "government unit" includes "any government agency." 42 Pa. C.S. § 102. A "government agency" is "[a]ny Commonwealth agency or any political subdivision *or municipal or other local authority, or any officer or agency of any such political subdivision or employer*." *Id.* (emphasis added).

Plaintiff attempts to distinguish our Supreme Court's decisions in *Guinn* and *Sphere Drake* supporting local agency immunity. Plaintiff maintains that our Supreme Court intended to limit its decision in *Guinn* to volunteer fire companies, which are not licensed by the Pennsylvania Liquor Control Board (PLCB). Plaintiff also asserts that *Sphere Drake* did not involve liability under the Liquor Code.

Plaintiff acknowledges the trial court's observation that vocational-technical schools, port authorities, municipal parking authorities, county health departments, recorders of deeds, charter schools, and police departments have all been deemed local agencies that enjoy immunity under the Tort Claims Act. *See* Tr. Ct., Slip Op., at 14. However, Plaintiff maintains that none of these entities are Liquor Code licensees.

Plaintiff argues there is a distinction between entities with societal value, such as volunteer fire companies, and municipal golf courses that sell alcoholic beverages. A volunteer fire company provides protection for the life and property of its citizens at a fraction of the cost of a full-time municipal fire company. In contrast, a municipal golf club with a liquor license provides no necessary public function and differs little from a private golf club with a liquor license.

Contrary to Plaintiff's arguments, we find both *Guinn* and *Sphere Drake* applicable here. The trial court properly determined that the Tort Claims Act provides Agent Defendants with immunity from Plaintiff's tort claims in this case. The purpose of the Tort Claims Act is to limit governmental exposure to tort liability. *Sphere Drake*.

Notably, in *Sphere Drake*, our Supreme Court overruled this Court's determination in *Modern Shoppers World – Mt. Airy Corp. v. Philadelphia Gas Works*, 643 A.2d 136 (Pa. Cmwlth. 1994) that PFMC was not a local agency for

7

purposes of the Tort Claims Act. The Court found our conclusion in *Modern Shoppers* that only "traditional units of government" were "local authorities" for immunity purposes was "squarely at odds with the actual definition of 'local authority' provided in [Section 1991 of] the Statutory Construction Act [of 1972[7]]." *Sphere Drake*, 782 A.2d at 515.

Here, the trial court properly determined Municipal Defendants are local agencies entitled to immunity under the Tort Claims Act. *Sphere Drake*; *Guinn*; *Eger v. Lynch*, 714 A.2d 1149 (Pa. Cmwlth. 1998). Plaintiff concedes in her complaint that Golf Club is owned and operated by the Township and that the Township owns the liquor license issued to Golf Club. R.R. at 36a. As agents of Municipal Defendants, Agent Defendants likewise enjoy immunity. The trial court correctly so found.

## 2. Local Agency Immunity and the Liquor Code

One who accepts a liquor license must be deemed to consent to all proper conditions and restrictions imposed by the Liquor Code in the interest of public morals and safety. *Teazers, Inc. v. Pa. Liquor Control Bd.*, 661 A.2d 455 (Pa. Cmwlth. 1995). Here, Municipal Defendants hold a liquor license. Golf Club is one of 44 Pennsylvania municipal golf course liquor licensees.

Plaintiff insists the Liquor Code does not exempt municipal golf course licensees from its provisions. Plaintiff argues the Liquor Code and the Tort Claims Act should be construed together because both statutes provide for immunity and identify circumstances where liability may be found. *See* 1 Pa. C.S. § 1932(a)(b).

Plaintiff argues that the specific legislative provisions of the Liquor Code must prevail over any inconsistent general provisions in the Tort Claims Act

---

[7] 1 Pa. C.S. § 1991.

arguably covering the same subject matter. Thus, Plaintiff contends the specific provisions pertaining to the unlawful act of serving alcoholic beverages to a visibly intoxicated person in Sections 493(1) and 497 of the Liquor Code, 47 P.S. §§ 4-493 & 4-497, control over the immunity provisions of the Tort Claims Act.

Plaintiff asserts that the intent of the Legislature in enacting the Liquor Code was to exercise plenary and exclusive control over the use and sale of alcoholic beverages. *See Clement & Muller, Inc. v. Tax Review Bd. of Phila.*, 659 A.2d 596 (Pa. Cmwlth. 1995). Plaintiff observes that the Liquor Code's provisions are liberally construed for the protection of the public welfare, health, peace and morals of the people of the Commonwealth.

Plaintiff contends Municipal Defendants were complicit in providing unlimited alcohol at the event for consumption over an extended period of time. Plaintiff argues Municipal Defendants, as liquor licensees, are bound by the conduct of their agents in serving a visibly intoxicated person. As such, they must share liability for their roles in creating the circumstances that resulted in the death of Plaintiff's decedent. Plaintiff further argues that extending immunity to Municipal Defendants would permit these licensees to flaunt the tort liability provisions of the Liquor Code while performing no necessary governmental service to the public.

Under Section 493(1) of the Liquor Code, it is unlawful for any licensee of the PLCB, or any employee, servant or agent of a licensee, to furnish liquor or malt or brewed beverages to any visibly intoxicated person. 47 P.S. § 4-493(1). However, a licensee is not liable to third persons for injuries inflicted away from the licensed premises by a customer of the licensee, *unless* the licensee or his agent or employee served liquor or malt or brewed beverages to the customer while he or she was visibly intoxicated. 47 P.S. §4-497.

9

Selling or permitting the sale of alcoholic beverages to a visibly intoxicated person constitutes negligence *per se*. *Juszczyszyn v. Taiwo*, 113 A.3d 853 (Pa. Super. 2015). If such conduct proximately causes the third-party plaintiff's injury, the licensee may be found liable. *Zygmuntowicz v. Hosp. Invs., Inc.*, 828 F. Supp. 346 (E.D. Pa. 1993); *Detwiler v. Brumbaugh*, 656 A.2d 944 (Pa. Super. 1995).

Here, Plaintiff asserts she established that Municipal Defendants served Searfoss while he was visibly intoxicated. Therefore, Plaintiff argues they are subject to liability as licensees under the Liquor Code.

We reject Plaintiff's contention that the Liquor Code essentially preempts the Tort Claims Act for tort claims asserted under Sections 493(1) and 497 of the Liquor Code. By the plain terms of the Tort Claims Act, the General Assembly expressed its clear intention that no other statute or pronouncement will modify the immunity granted therein. The Tort Claims Act provides: "Except as otherwise provided *in this subchapter*, no local agency shall be liable for any damages on account of any injury to a person or property . . . ." 42 Pa. C.S. § 8541 (emphasis added).

Section 8541 of the Tort Claims Act provides governmental immunity from liability on account of any injury unless the claim falls within one of the exceptions in Section 8542(b). None of the eight exceptions in Section 8542(b) covers a tort claim for an off-premises injury inflicted by a third party. Consequently, even if Plaintiff might otherwise have a tort cause of action under Section 497 of the Liquor Code, because that negligence claim does not fall within any exception to governmental immunity, Municipal Defendants are entitled to immunity. *See McCarthy v. City of Bethlehem*, 962 A.2d 1276 (Pa. Cmwlth. 2008) (even though damages would otherwise be recoverable under common law or statute, the negligent

10

act must fall within one of the narrowly construed exceptions to governmental immunity).

Plaintiff's alternate argument that the Liquor Code and Tort Claims Act must be construed together pursuant to 1 Pa. C.S. § 1932 also fails. The purpose of the Tort Claims Act is to limit government exposure to tort liability. *Sphere Drake*. The preservation of the public treasury against the possibility of unusually large tort recoveries is an important government interest. *Id.* Thus, the Tort Claims Act serves a different purpose from that of the Liquor Code, which seeks to protect the public by regulating the sales and use of alcoholic beverages. Therefore, Plaintiff's contention that the Liquor Code and Tort Claims Act must be construed together to permit tort claims against local government agencies with liquor licenses lacks merit.

For the above reasons, we hold that Municipal Defendants are entitled to governmental immunity from Plaintiff's claims. *See Sphere Drake*; *Guinn*; *Eger*.

## C. Immunity for Intentional, Wanton, and Willful Conduct

In an alternative argument, Plaintiff asserts Agent Defendants lost their right to claim governmental immunity by engaging in outrageous and willful misconduct within the meaning of 42 Pa. C.S. § 8550. Plaintiff maintains Agent Defendants intentionally served alcoholic beverages to a visibly intoxicated person who then caused an injury to a third person off the premises. Plaintiff alleges Agent Defendants knew that participants, including Searfoss, drove their motor vehicles to the event and would be driving home. Plaintiff asserts Agent Defendants acted with an evil motive when despite this knowledge, they willfully, wantonly, maliciously, and intentionally provided unlimited alcoholic beverages to the participants for nine hours. Therefore, Plaintiff argues, they lost any immunity defense. Plaintiff argues

11

the facts set forth in her complaint sufficiently alleged that Agent Defendants acted with willful and malicious intent.

Plaintiff did not raise this argument in her pleadings or memoranda of law presented to the trial court. The trial court correctly concluded that Plaintiff waived this issue by raising it for the first time in this appeal. Pa. R.A.P. 302(a); *Schmidt v. Boardman Co.*, 11 A.3d 924, 941 (Pa. 2011); *Sovich v. Estate of Sovich*, 55 A.3d 1161 (Pa. Super. 2012) (issues raised for the first time on appeal are waived).

In addition, in Pennsylvania, a civil complaint must not only apprise the defendant of the claim being asserted, but also summarize the facts essential to support the claim. *McShea v. City of Philadelphia*, 995 A.2d 334, 339 (Pa. 2010). To that end, the complaint must disclose material facts sufficient to enable the adverse party to prepare its case. *Id.* Here, as discussed above, Plaintiff did not attempt to assert a claim under 42 Pa. C.S. § 8550 until she filed her Pa. R.A.P. 1925(b) Statement. Consequently, Plaintiff's complaint failed to apprise Agent Defendants of the willful misconduct claim against them. *McShea*.

Further, to establish intentional and willful misconduct for purposes of waiver of governmental immunity under 42 Pa. C.S. § 8550, a plaintiff must show that the defendant desired to bring about the result that occurred. *Pettit v. Namie*, 931 A.2d 790, 801 (Pa. Cmwlth. 2007). Allegations of gross and culpable negligence, or even wanton and reckless behavior, are not the legal equivalent of pleading willful misconduct. *See Renk v. City of Pittsburgh*, 641 A.2d 289 (Pa. 1994) (willful misconduct under 42 Pa. C.S. § 8550 means willful misconduct aforethought).

Here, Plaintiff's complaint failed to allege that Agent Defendants had the requisite intent aforethought to provide Defendant Searfoss with so much alcohol that he would assuredly drive his truck into another vehicle. Accordingly, Plaintiff's

12

willful misconduct claim under 42 Pa. C.S. § 8550 was ineffective to overcome the immunity of Municipal Defendants and Agent Defendants.

## D. Punitive Damages

A demand for punitive damages is not a separate cause of action; it depends on the viability of the claim to which it relates. *See Kirkbride v. Lisbon Contractors, Inc.*, 555 A.2d 800, 802-03 (Pa. 1989) Therefore, because Municipal Defendants and Agent Defendants are entitled to governmental immunity, Plaintiff's demand for punitive damages also fails. *Id.*

## IV. Conclusion

A tort claim under Sections 493(1) and 497 of the Liquor Code does not fall within any of the exceptions to governmental immunity in the Tort Claims Act, 42 Pa. C.S. § 8542. The trial court properly determined Municipal Defendants and Agent Defendants are shielded by governmental immunity. Accordingly, based on the foregoing discussion, we affirm the trial court's orders sustaining the preliminary objections of Municipal Defendants and Agent Defendants and dismissing Plaintiff's claims against them.

_____
ELLEN CEISLER, Judge

Judges McCullough and Fizzano Cannon did not participate in the decision of this case.

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Robin Williams, Administrator of the : 
Estate of Robin Taneisha Williams, :
Deceased, and Robin Williams, :
Individually, :
                Appellants :
 :
        v. : No. 786 C.D. 2018
 :
Barry M. Searfoss and Warminster :
Township and Five Ponds Golf Club :
and Bump & Run Charity Golf and :
D'Angelo Foundation and D'Angelo :
and Company and Christine Cole :
and P.J. Hansen and Lisa Williams :
and Charles ("Tony") Williams :

# **O R D E R**

AND NOW, this 1st day of May, 2019, the judgment of the trial court is AFFIRMED.

 

 

_____
ELLEN CEISLER, Judge